UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------:
SECURITIES AND EXCHANGE COMMISSION,      : 10 Civ. _____ ( )

       Plaintiff,

      - against -

KENNETH IRA STARR, STARR INVESTMENT
ADVISORS, LLC, and STARR & COMPANY, LLC,

       Defendants

DIANE PASSAGE and COLCAVE, LLC

       Relief Defendants.
-------------------------------------------------------------------:

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/10
```

## ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

Upon the application of the Plaintiff Securities and Exchange Commission ("Commission") for an order:

1. Directing Defendants Kenneth Ira Starr ("Starr"), Starr Investment Advisors, LLC, ("SIA"), and Starr & Company, LLC ("Starrco") (collectively, the "Defendants") to show cause why an order should not be entered pending adjudication of this action: (a) preliminarily enjoining the Defendants from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], and SIA from violating Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. § 275.206(4)-2(a)(1)]; (b) freezing the assets of the Defendants; (c) requiring the Defendants to provide accountings; (d) preventing the Defendants from

destroying, concealing, or altering any books, records, documents, electronic data or computer files; (e) appointing a receiver for SIA and Starrco; (f) preliminarily enjoining Defendants from filing a bankruptcy proceeding without at least 3 days notice to Plaintiff and approval of this Court; and (g) requiring repatriation of all funds transferred to foreign accounts and the freezing of such funds;

2. Directing Relief Defendants Diane Passage ("Passage") and Colcave LLC ("Colcave") (collectively, the "Relief Defendants") to show cause why an order should not be entered pending adjudication of this action: (a) freezing the assets of Relief Defendants; (b) requiring the Relief Defendants to provide accountings; (c) appointing a receiver for Colcave; (d) imposing a constructive trust over the apartment purchased by Colcave; (e) requiring repatriation of all funds transferred to foreign accounts and the freezing of such funds; (f) preventing the Relief Defendants from destroying, concealing, or altering any books, records, documents, electronic data or computer files; and (g) preliminarily enjoining Relief Defendants from filing a bankruptcy proceeding without at least 3 days notice to Plaintiff and approval of this Court.

3. Pending adjudication of the relief described in paragraph 1 above, (a) temporarily restraining the Defendants from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], and SIA from violation Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. § 275.206(4)-2(a)(1)]; (b) temporarily freezing the assets of the Defendants; (c) requiring the Defendants to provide accountings; (d) temporarily preventing the Defendants from destroying, concealing, or altering

   any books, records, documents, electronic data or computer files; (e) appointing a temporary receiver for SIA and Starrco; (f) temporarily restraining Defendants from filing a bankruptcy proceeding without at least 3 days notice to Plaintiff and approval of this Court; and (g) requiring repatriation of all funds transferred to foreign accounts and the freezing of such funds;

4. Pending adjudication of the relief described in paragraph 2 above, (a) temporarily freezing the assets of the Relief Defendants; (b) appointing a temporary receiver for Colcave; (c) temporarily restraining Relief Defendants from filing a bankruptcy proceeding without at least 3 days notice to Plaintiff and approval of this Court; (d) temporarily preventing the Relief Defendants from destroying, concealing, or altering any books, records, documents, electronic data or computer files; and (e) requiring repatriation of all funds transferred to foreign accounts and the freezing of such funds;

and upon the Commission's Complaint, the Declaration of Todd D. Brody, the Declaration of Robert H. Murphy, the Affidavit of George O'Kane and the exhibits thereto, and the Memorandum of Law submitted by the Commission in support of its Application for Order to Show Cause, Temporary Restraining Order, Asset Freeze and Other Relief, due consideration having been had thereon.

  Based on the foregoing, the Court finds that a proper showing has been made for the relief granted herein in that the Commission has made a sufficient and <u>prima facie</u> showing that:

  (i) Defendants have engaged in violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], and SIA has engaged in

          violating Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. § 275.206(4)-2(a)(1)] as charged in the Complaint;

(ii)     There is a likelihood that these violations will continue unless restrained and enjoined;

(iii)    Unless restrained and enjoined, there is a likelihood that Defendants may dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement of ill-gotten gains or an order to pay civil penalties in this action;

(iv)    The appointment of a temporary receiver is necessary to: (i) preserve the status quo, (ii) prevent Defendants from further misappropriating customer funds, (iii) preserve Defendants' and Relief Defendants' assets in order to prevent the diminution of the value of those assets, (iv) ascertain the true financial condition of the Defendants and Relief Defendants, and the disposition of client funds, (v) prevent the encumbrance or disposal of property or assets of the Defendants and Relief Defendants.

(v)     A Temporary Restraining Order: (i) restraining the Defendants from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], and SIA from violating Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. § 275.206(4)-2(a)(1)]; (ii) prohibiting the Defendants and Relief Defendants from destruction, concealment or alteration of documents, electronic data and computer files; (iii) freezing the assets of

Defendants and Relief Defendants; and (iv) requiring Defendants and Relief Defendants to provide accountings, is necessary to preserve the status quo.

**NOW, THEREFORE,**

### I.

**IT IS HEREBY ORDERED,** that pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from future violations of Sections 206(1) and 206(2) of the Advisers Act .

### II.

**IT IS FURTHER ORDERED,** that pending a hearing and determination of the Commission's Application for Preliminary Injunction, SIA and each of its agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with SIA who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from future violations of Section 206(4) of the Advisers Act and Rule 206(4)-2(a)(1) promulgated thereunder.

### III.

**IT IS FURTHER ORDERED,** that pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants and the Relief Defendants, their officers, agents, servants, employees, and attorneys-in-fact, and those

persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise shall hold and retain within their control, and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, hypothecation, concealment, or other disposal of any assets, funds, or other property (including, but not limited to, money, real or personal property, securities, choses in action, deposits, claims, and other intangibles) wherever situated, currently held by them or under their control for, on behalf of, or for the direct or indirect benefit of the Defendants and the Relief Defendants.

### IV.

**IT IS FURTHER ORDERED,** that pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants and the Relief Defendants, their officers, agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise shall be enjoined and restrained from filing a bankruptcy proceeding on behalf of any of the Defendants or Relief Defendants without at least 3 days notice to Plaintiff and approval of this Court.

### V.

**IT IS FURTHER ORDERED,** that pending a hearing and determination of the Commission's Application for Preliminary Injunction, all of the banks, brokerage institutions, securities dealers, other financial institutions, insurance companies, debtors or bailees, trustees, and other persons or entities holding any assets, funds, or other property of Defendants or Relief Defendants, hold and retain within their control and

prohibit the withdrawal, removal, transfer, or other disposal of such assets, funds, or other properties.

## VI.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendants shall file with the Court and serve on the Commission, within three (3) business days following service of this Order, a list of all accounts at all banks, brokerage firms or financial institutions (including the name of the financial institution and the name and number on the account), telephone or facsimile transmission numbers (including numbers of pagers and mobile telephones), electronic mail addresses, World Wide Web sites or Universal Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety deposit boxes, and storage facilities used or maintained by them or under their direct or indirect control, at any time from January 1, 2005 to the present.

## VII.

**IT IS FURTHER ORDERED,** that pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants and Relief Defendants, and any person or entity acting at their direction or on their behalf are restrained from destroying, altering, deleting or concealing any documents, including electronically stored information, in the possession, custody, or control of the Defendants and Relief Defendants, their agents, employees, servants, accountants, banks, and attorneys that relate, directly or indirectly, to the allegations of the Complaint herein. This paragraph applies to all forms of information, including but not limited to, information stored on computer memory or posted on, made available in, or sent or

received through, electronic mail, the World Wide Web, Internet news groups, electronic bulletin board systems, online interactive conversational spaces or chat rooms, classified advertising sections of any online services, fax-back services, or in any other location accessible by modem communications.

### VIII.

**IT IS FURTHER ORDERED,** that Defendants shall file with this Court and serve upon the Commission, within three (3) business days, or within such extension of time as the Commission staff agrees to, a verified written accounting, signed by each such Defendant, and under penalty of perjury, setting forth: (1) all transfers of funds or securities made by customers of Defendants from January 1, 2005 through the present; (2) the purpose for each transfer of funds or securities; (3) the account controlled by Defendants or their agents or servants to which such transfer of funds or securities was made; (4) the accounts to which such funds or securities were ultimately sent. Such accounting should be accompanied with backup documentation demonstrating the validity and accuracy of the information provided.

### IX.

**IT IS FURTHER ORDERED,** that Defendants and Relief Defendants shall file with this Court and serve upon the Commission, within three (3) business days, or within such extension of time as the Commission staff agrees to, a verified written accounting, signed by each such Defendant and Relief Defendant, and under penalty of perjury, setting forth: (1) all assets, liabilities and property currently held, directly or indirectly, by or for the benefit of each such Defendant and Relief Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans,

lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount; (2) all money, property, assets and income received by each such Defendant and Relief Defendant for his or her direct or indirect benefit, at any time from January 1, 2005 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed; (3) the names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of each such Defendant and Relief Defendant; and (4) all assets, funds, securities, and real or personal property received by each such Defendant or Relief Defendant, or any other person controlled by them, from persons who provided money to the Defendants and Relief Defendant in connection with the offer, purchase or sale of securities, from January 1, 2005 to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property. Such information should be accompanied with backup documentation demonstrating the validity of the information provided.

### X.

**IT IS FURTHER ORDERED,** that pending further order of this Court, _____ be, and hereby is, appointed to act as temporary receiver for Defendants SIA and Starrco and for Relief Defendant Colcave. The temporary receiver is hereby empowered to:

    A.    Take and retain immediate possession, custody, and control of all assets and property and the books and records of SIA, Starrco, and Colcave;

9

B. Take all steps deemed necessary to secure and protect the assets and property of SIA, Starrco, and Colcave, including but not limited to the premises, files, and information systems;

C. Engage and employ persons, in his discretion, to assist in carrying out his duties and responsibilities hereunder, including accountants, attorneys, and experts;

D. Acquire and retain all rights and powers which SIA, Starrco, and Colcave have to manage, control, operate and maintain their businesses (including, but not limited to, the power to direct, hire, suspend, and terminate personnel), and to possess, receive, or use income, earnings, rents, and profits with full power to commence, maintain, defend or participate in legal proceedings, to sue for, collect, receive and take into possession all goods, chattels, rights, general intangibles, choses in action, credits, monies, effects, lands, books and records of account, and other papers, including exclusive authority to make expenditures on behalf of SIA, Starrco, and Colcave, with a view to preventing loss, damage, and injury to public investors, and preserving assets and the records of SIA, Starrco, and Colcave;

E. Take control over the business of SIA and Starrco, including but not limited to hiring a law-abiding registered investment advisor to manage SIA's and Starrco's clients' assets and to hiring law-abiding individuals to provide accounting, tax preparation, business management, bill-paying, and "concierge" services previously provided to SIA's and Starrco's

clients, until the clients of SIA and Starrco determine what course of action they will take regarding the management and oversight of their assets; 

F.  Notwithstanding the asset freeze imposed above, the temporary receiver shall have the power to open and close bank accounts, securities accounts and commodities accounts; to purchase or sell securities and commodities contracts in any such account of SIA, Starrco, and Colcave and to execute checks or otherwise disburse money from those bank or securities accounts of SIA, Starrco, and Colcave to pay its obligations in the normal course of business; except, however, that pending further order of the Court, neither SIA, Starrco, or Colcave nor the temporary receiver shall make any payments of funds to any SIA and Starrco clients;

G.  Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application.

## XI.

**IT IS FURTHER ORDERED,** that Defendants and Relief Defendants shall repatriate all assets held outside of the United States and that such assets shall be subject to paragraphs III and IV above.

## XII.

**IT IS FURTHER ORDERED,** that pending a hearing and determination of the Commission's Application for Preliminary Injunction, a constructive trust shall be imposed on the apartment owned by Colcave at 433 East 74th Street, New York, NY.

## XIII.

**IT IS FURTHER ORDERED,** that the Defendants and Relief Defendants show cause, if there be any, to this Court at 9:30 A.m. on the 10th day of June, 2010, in Courtroom 23A of the United States Courthouse, 500 Pearl Street, New York, New York, why this Court should not enter an Order preliminarily enjoining Defendants from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], and SIA from violating Sections 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. § 275.206(4)-2(a)(1)], and why the asset freeze, the appointment of a receiver, and all other relief granted by this Order should not be extended until the final determination of this action on the merits.

## XIV.

**IT IS FURTHER ORDERED,** that all papers responding to this Order to Show Cause shall be filed not later than 4:00 p.m. on June 4, 2010. Service on the Commission shall be made by (a) delivering such papers by hand, electronic mail, or overnight mail to the New York Regional Office of the Commission at 3 World Financial Center, New York, New York 10281, attention Todd D. Brody, Esq. The Commission shall have until 4:00 p.m. on June 8, 2010, to serve and file reply papers upon any party serving responsive papers by hand, electronic mail, or by overnight mail.

## XV.

**IT IS FURTHER ORDERED,** that for good cause shown the provisions of Fed. R. Civ. P. 26, 30, 31, 33, and 34, and Local Civil Rule 26 are modified to provide that (a) depositions of the Defendants and Relief Defendants, their officers, directors, and employees, including depositions pursuant to Fed. R. Civ. P. 30(b)(6) may be taken on

three (3) business days notice to all appearing parties; and (b) Defendants and Relief Defendants shall respond to all interrogatories, requests for admissions and requests for production (including the production of requested documents) within three (3) business days after service

### XVI.

**IT IS FURTHER ORDERED,** that service of this Order and supporting papers and all pleadings and papers to be served in this action, including subpoenas to non-parties, but not including the Summons and Complaint, may be made personally, by overnight courier, by electronic mail, or by such other means as the Court may direct by further order.

### XVII.

**IT IS FURTHER ORDERED,** that the Commission cause a copy of this Order to Show Cause, and of the papers upon which it was granted, to be served upon the Defendants by 5:00 p.m. on May 28, 2000. *[handwritten: pursuant to Fed Civ P.65(b)(2)]*

*[handwritten: This Order expires on June 10 at 5 PM unless extended prior to that date and time. There will be a conference on June 1 at 1 p.m. in Courtroom 23A in regard to whether a temporary monitor for defd SIA and Starzeo and the Relief Defendants or leave should be appointed.]*

Issued at 1:30 p.m., at New York, New York, this 27 day of March, 2000.

_____
UNITED STATES DISTRICT JUDGE

13