UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | 10 Civ. 4270 (SHS) |
| Plaintiff, | : | |
| - against - | : | |
| KENNETH IRA STARR, STARR INVESTMENT ADVISORS, LLC, and STARR & COMPANY, LLC, | : | |
| Defendants, | : | |
| DIANE PASSAGE and COLCAVE, LLC, | : | |
| Relief Defendants. | : | **ECF CASE** |

## NOTICE OF PENDENCY

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in the United States District Court for the Southern District of New York upon the complaint of the above-named plaintiff SECURITIES AND EXCHANGE COMMISSION against the above-named defendants KENNETH IRA STARR, STARR INVESTMENT ADVISOR, LLC, and STARR & COMPANY, LLC, and against the above-named relief defendants DIANE PASSAGE and COLCAVE, LLC, for a judgment, in part, an order imposing a constructive trust over the apartment at 433 East 74th Street, New York, New York, which was purchased by the relief defendant COLCAVE, LLC with funds misappropriated from clients of the defendants STARR INVESTMENT ADVISORS, LLC and STARR & COMPANY, LLC.

The property affected by this Notice of Pendency is known as Unit 1C, 433 East 74th Street, New York, New York, and more particularly described in Schedule A annexed hereto, and it is owned of record by the relief defendant COLCAVE, LLC.

The property designation on the Block Index of the Office of the City Register is:

> Borough: Manhattan
> Block: 1469
> Lot: 1103
> Unit: 1C.

Dated:    New York, New York
            May 28, 2010

                        JOHN J. GRAUBARD
                        Attorney for Plaintiff
                        SECURITIES AND EXCHANGE COMMISSION
                        New York Regional Office
                        3 World Financial Center, Room 400
                        New York, New York 10281-1022
                        Tel.:   212-336-0084; Fax:   212-336-1319
                        E-mail:      graubardj@sec.gov

TO THE CLERK OF THE COUNTY OF NEW YORK:

You are hereby directed to index the foregoing Notice of Pendency against the names of

each of the following Defendants and Relief Defendants:

> KENNETH IRA STARR
> STARR INVESTMENT ADVISORS, LLC
> STARR & COMPANY, LLC
> DIANE PASSAGE
> COLCAVE, LLC

Dated:    New York, New York
            May 28, 2010

                        JOHN J. GRAUBARD
                        Attorney for Plaintiff
                        SECURITIES AND EXCHANGE COMMISSION
                        New York Regional Office
                        3 World Financial Center, Room 400
                        New York, New York 10281-1022
                        Tel.:   212-336-0084; Fax:   212-336-1319
                        E-mail:      graubardj@sec.gov

## SCHEDULE "A"

THE CONDOMINIUM UNIT (THE "UNIT") KNOWN AS UNIT NO. 1C IN THE PREMISES KNOWN AS THE LUX CONDOMINIUM, SAID UNIT BEING DESIGNATED AND DESCRIBED AS UNIT NO. 1C IN THE DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF SAID PREMISES UNDER ARTICLE 9-B OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK (THE "NEW YORK CONDOMINIUM ACT") DATED AS OF 06/26/2008 RECORDED 08/05/2008 IN THE NEW YORK COUNTY REGISTER'S OFFICE AS CRFN 2008000310415 AND AS AMENDED BY FIRST AMENDMENT TO DECLARATION DATED AS OF 05/05/2009 AND RECORDED 05/13/2009 AS CRFN 2009000142359, AND ALSO DESIGNATED AS TAX LOT 1103 IN BLOCK 1469 OF THE BOROUGH OF MANHATTAN AND ON THE TAX MAP OF THE REAL PROPERTY ASSESSMENT DEPARTMENT OF THE CITY OF NEW YORK AND ON THE FLOOR PLANS OF SAID BUILDING CERTIFIED BY ADG ARCHITECTURE & DESIGN, P.C., ARCHITECT, ON 04/18/2008 AND FILED WITH THE REAL PROPERTY ASSESSMENT DEPARTMENT OF THE CITY OF NEW YORK ON 06/06/2008 AS CONDOMINIUM PLAN NO. 1944 AND 1944-A AND FILED IN THE REGISTER'S OFFICE ON 08/05/2008 AS MAP NO. CRFN 2008000310416 AND ON 05/13/2009 AS MAP NO. CRFN 2009000142360.

TOGETHER WITH A TOTAL UNDIVIDED 20.863% INTEREST IN THE COMMON ELEMENTS (AS SUCH TERM IS DEFINED IN THE DECLARATION).

THE PREMISES WITHIN WHICH THE UNIT IS LOCATED ARE MORE PARTICULARLY DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, THE CITY OF NEW YORK, IN THE COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHERLY SIDE OF 74TH STREET, DISTANT 200 FEET WESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY SIDE OF 74TH STREET WITH THE WESTERLY SIDE OF YORK AVENUE;

RUNNING THENCE WESTERLY ALONG THE NORTHERLY SIDE OF 74TH STREET, 75 FEET;

THENCE NORTHERLY PARALLEL WITH YORK AVENUE, 59 FEET 9-¾ INCHES;

THENCE SOUTHEASTERLY 25 FEET 3-¾ INCHES TO A POINT DISTANT 250 FEET WESTERLY FROM THE WESTERLY SIDE OF YORK AVENUE AND 55 FEET 10-½ INCHES NORTHERLY FROM THE NORTHERLY SIDE OF 74TH STREET;

THENCE NORTHERLY PARALLEL WITH YORK AVENUE, 46 FEET 3-½ INCHES;

THENCE EASTERLY PARALLEL WITH 74TH STREET, 50 FEET; AND

THENCE SOUTHERLY PARALLEL WITH YORK AVENUE, 102 FEET 2 INCHES TO THE NORTHERLY SIDE OF 74TH STREET AT THE POINT AND PLACE OF BEGINNING.

THE policy to be issued under this report will insure the title to such buildings and improvements erected on the premises, which by law constitute real property.

FOR CONVEYANCING ONLY: TOGETHER with all the right, title and interest of the party of the first part, of in and to the land lying in the street in front of and adjoining said premises.

Being the premises described in a certain Unit Deed from 433 East 74th Street LLC to Colcave, LLC dated April 16, 2010 and recorded on April 27, 2010 at 12:16 p.m. as CRFM 2010000140192 in the Office of the New York City Register.

# JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

     - against -

KENNETH IRA STARR, STARR INVESTMENT
ADVISORS, LLC, and STARR & COMPANY, LLC,

       Defendants

DIANE PASSAGE and COLCAVE, LLC

       Relief Defendants.
-------------------------------------------------------------

10 CIV 4270

10 Civ. _____ ( )

: **COMPLAINT**



Plaintiff Securities and Exchange Commission ("Commission") alleges the following against Defendants Kenneth Ira Starr ("Starr"), Starr Investment Advisors, LLC ("SIA"), and Starr & Company, LLC ("Starrco") (collectively, the "Defendants") and against Relief Defendants Diane Passage ("Passage") and Colcave LLC ("Colcave") (collectively, the "Relief Defendants").

## SUMMARY

1.    This is an emergency action brought to halt an ongoing fraudulent scheme. Starr and SIA – an entity that Starr controls – provide investment advisory services to more than thirty high net-worth clients. In addition, Starr and Starrco – another entity that Starr also controls – provide advisory, accounting, tax preparation, business management, bill-paying, and "concierge" services to a larger but overlapping group of approximately 175 clients. Defendants have power of attorney or signatory authority over many bank and investment accounts belonging to their clients.

2. Defendants have abused the signatory power that they hold over their clients' bank and investment accounts by misappropriating client funds for their own purposes, including to purchase a luxury $7.6 million Manhattan apartment for Starr.

3. Between April 13 and April 16, 2010, Defendants transferred $7 million from the accounts of three SIA and Starrco clients. The transfers from the accounts of the three SIA and Starrco clients were not authorized. These funds were ultimately used on April 16, 2010, to purchase an apartment in which Starr and Passage reside. The owner of the apartment is Colcave, a limited liability company controlled by Starr.

4. One of the clients whose funds Defendants misappropriated to purchase the apartment was Investor No. 1. On April 13, 2010, Defendants transferred $1 million out of a bank account belonging to Investor No. 1. Investor No. 1 complained and demanded that the money be refunded. On April 26, 2010, Investor No. 1 received a refund from Starr of the $1 million. The source of the $1 million, however, was money taken from the account of Investor No. 2. Defendants did not inform Investor No. 2 that money was being transferred from Investor No. 2's account to repay Investor No. 1.

5. These unauthorized transfers in April 2010 were not the only instances where Defendants misappropriated client funds. Starting in August 2009, Defendants transferred approximately $1.7 million from the personal account of Investor No. 3 and from the account of a charity run by Investor No. 3. These were all unauthorized transfers. In April 2010, Defendants attempted to transfer an additional $750,000 from one of Investor No. 3's accounts but the bank notified Investor No. 3 who halted the transfer. When Investor No. 3 confronted Defendants over these transactions, Defendants

paid Investor No. 3 back from money that again appears to have come from the bank account of another unrelated party.

6.      Defendants' ability to misappropriate client funds was enhanced by SIA's failure to comply with custodial rules. Indeed, SIA failed to engage an independent public accountant for the years 2006-2009 to perform a surprise examination of its advisory clients' assets over which Defendants had custody. Moreover, certain assets of SIA clients were held in a physical form in a safe in Starrco's offices despite the fact that none of Defendants are qualified custodians.

7.      In addition to the fact that each of the unauthorized transfers of client funds was a violation of the securities laws, the pattern of repeated conduct demonstrates that the assets of all of Defendants' clients are at risk of misappropriation by Defendants. Consequently, expedited relief is needed to halt the fraud and to prevent the Defendants from unlawfully misappropriating any additional client funds.

8.      To halt the ongoing fraud, maintain the status quo, and preserve any assets for injured investors, the Commission seeks emergency relief, including temporary restraining orders and preliminary injunctions, and an order: (i) imposing asset freezes against the Defendants and the Relief Defendants; (ii) appointing a Receiver over SIA, Starrco, and Colcave; (iii) allowing expedited discovery against Defendants and the Relief Defendants and preventing the destruction of Defendants' and Relief Defendants' documents; (iv) requiring that Defendants and Relief Defendants provide verified accountings; (v) repatriating funds transferred by Defendants and Relief Defendants to foreign accounts and the freezing of such funds; (vi) imposing a constructive trust over the apartment purchased by Colcave in which Starr and Passage reside; and (vii)

3

enjoining the Defendants and Relief Defendants and any third party from filing bankruptcy on behalf of the Defendants and Relief Defendants without leave of the Court and notice to the Commission. The Commission seeks permanent injunctions, disgorgement of ill-gotten gains plus prejudgment interest on a joint and several basis and civil monetary penalties against all of the Defendants. The Commission also seeks an order requiring that Relief Defendants disgorge all assets of Defendants' clients that improperly were transferred to them, together with prejudgment interest, including, but not limited to, the apartment purchased by Colcave in which Starr and Passage reside.

## **VIOLATIONS**

9.     By virtue of the conduct alleged herein:

    a.     Defendants, directly or indirectly, singly or in concert, have engaged and are engaging in acts, practices and courses of business, that constitute violations of Sections 206(1) and 206(2) of the Investment Advisers Acts of 1940 ("Advisers Act"); and

    b.     SIA, directly or indirectly, singly or in concert, has engaged and is engaging in acts, practices and courses of business, that constitute violations of Section 206(4) of the Advisers Act and Rules 206(4)-2(a)(1) thereunder.

10.     Unless Defendants are temporarily, preliminarily, and permanently restrained and enjoined, they will continue to engage in the acts, practices and courses of business set forth in this Complaint and in acts, practices, and courses of business of similar type and object.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

11.    The Commission brings this action pursuant to the authority conferred upon it by Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)], seeking to restrain and enjoin permanently the Defendants from engaging in the acts, practices and courses of business alleged herein.

12.    In addition to the injunctive relief recited above, the Commission seeks: (i) final judgments ordering Defendants to disgorge their ill-gotten gains with prejudgment interest thereon on a joint and several basis; (ii) final judgments ordering Defendants to pay civil penalties pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(d)]; (iii) final judgments ordering Relief Defendants to disgorge their ill-gotten gains with prejudgment interest thereon; and (iv) such other relief as the Court deems just and appropriate.

13.    The Commission also seeks as immediate relief against Defendants, a temporary restraining order, a preliminary injunction, asset freezes (including of repatriated funds), the appointment of a Receiver over SIA and Starrco, verified accountings, expedited discovery, and an order prohibiting the destruction or alteration of documents.

14.    The Commission also seeks as immediate relief against Relief Defendants, asset freezes (including of repatriated funds), verified accountings, an order prohibiting the destruction or alteration of documents, the imposition of a constructive trust over the apartment purchased by Colcave, and the appointment of a receiver over Colcave.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this action, pursuant to Section 214 of the Advisers Act [15 U.S.C. § 80b-14].

16. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. The Defendants, directly and indirectly, have made use of the means and instrumentalities of interstate commerce, or of the mails and wires, in connection with transactions, acts, practices, and courses of business alleged herein. A substantial part of the events comprising Defendants' fraudulent activities giving rise to the Commission's claims occurred in the Southern District of New York as Defendants live in the Southern District of New York and/or maintain their offices in this district.

## THE DEFENDANTS

17. **Starr Investment Advisors, LLC ("SIA")**, is a Delaware limited liability company based in New York, New York and located at 850 Third Avenue. SIA has been registered with the Commission as an investment advisor since June 2, 2006.

18. **Starr & Company, LLC ("Starrco")**, is a New York limited liability company located in New York, New York. It owns 100% of SIA. While Starrco is not registered with the Commission in any capacity, Starrco provided investment advisory services to its clients who were not also SIA clients.

19. **Kenneth Ira Starr ("Starr")**, age 65, is a resident of New York, New York. He is the CEO of SIA. He also owns 95% of Starrco and is a manager of that company. The other 5% interest in Starrco is held by Kisco, CPA, PC (formerly Starr & Company, CPA PC), a company wholly-owned by Starr. Starr is also an attorney and since 1967 has been admitted to practice law in the State of New York. Until March

6

2010, Starr was a registered representative of Diamond Edge Capital Partners, LLC, a registered broker-dealer. (Starr is a partner in Diamond Edge Capital Holdings, LLC.)

## THE RELIEF DEFENDANTS

20. **Diane Passage ("Passage")**, is a resident of New York, New York and is presently married to Starr. Ms. Passage purports to be a producer of films and plays, and a philanthropist. Defendants' clients's funds were improperly sent to an account jointly held by Starr and Passage.

21. **Colcave, LLC ("Colcave")**, is a Delaware limited liability corporation created on April 13, 2010 and controlled by Starr. On April 16, 2010, Colcave purchased a condominium apartment in Manhattan for use as the personal residence of Starr and Passage. This apartment was purchased with funds that were misappropriated from at least three SIA and Starrco clients. In connection with this transaction, Starr signed all documents on behalf of Colcave.

## FACTS

22. Starr, through SIA, an entity he controls, provides investment advisory services to more than thirty high net-worth individuals, many of whom are socialites or luminaries in the entertainment and business worlds. Assets under management at SIA exceed $700,000,000. Through Starrco, SIA's unregistered parent company that is also controlled by Starr, Starr provides advisory, accounting, tax preparation, business management, bill paying, and concierge services to a larger but overlapping group of approximately 175 clients. Defendants have power of attorney or signatory authority over many bank and investment accounts belonging to SIA's and Starrco's clients.

23.     Between April 13 and April 16, 2010, Defendants transferred approximately $7 million from the accounts of three SIA and Starrco clients, including $1,000,000 from the account of Investor No. 1, $5,750,000 from the account of Investor No. 4 and $250,000 from the account of Investor No. 5. None of these transfers was authorized. This money was used to purchase a luxury Manhattan apartment for Starr.

24.     As reported in the press, the apartment purchased for Starr and Passage is a 5-bedroom, 6.5 bathroom "townhouse condominium home," which includes a recreation room with a wet bar, a 32-foot granite lap pool, and a 1,500 square-foot garden. Starr sent change of address cards stating that he and Passage had moved to this apartment. While the purchaser of the apartment was Colcave, Colcave is controlled by Starr who signed all documents on behalf of Colcave in connection with the apartment purchase.

25.     The money from the three clients' accounts was transferred to the trust account of an attorney who represents Defendants (the "attorney trust account"). While this attorney is a partner at a prominent national firm, the attorney trust account was held in the attorney's own name and not in the firm's name. Six million dollars of the client money that had been transferred to the attorney trust account was then sent directly to the attorney representing the seller of the apartment. The remainder was transferred from the trust account to Starr's brokerage account, much of which was used for costs relating to the apartment purchase.

26.     Investor No. 1 detected the unauthorized transfer and demanded a refund. On April 26, 2010, Defendants refunded Investor No. 1's money through a transfer from the attorney trust account. On that same day, however, Defendants had transferred $1

million from the account belonging to Investor No. 2 into the attorney trust account. This transfer of funds from Investor No. 2 was also unauthorized. In sum, Defendants used funds from Investor No. 2 to repay what they had misappropriated from Investor No. 1. Investor Nos. 4 and 5 have not been repaid.

27.    This was not the first time that Defendants misappropriated money from the accounts of SIA and Starrco clients. On four dates (August 12, October 8, October 9, and October 13, 2009), Starr transferred a total of $1,200,000 from the account of Investor No. 3. Of this amount, $700,000 was unauthorized. In addition, on four later dates (November 2, 13, 18, and 25, 2009), Starr transferred a total of $1,000,000 from the accounts of a charity run by Investor No. 3 without Investor No. 3's authorization and for purposes having no connection to the charity or Investor No. 3. The vast majority of these funds were sent to the attorney trust account. In April 2010, Starr attempted to withdraw an additional $750,000 from the personal account of Investor No. 3. Starr's plans were frustrated, however, when the bank alerted Investor No. 3 and Investor No. 3 halted the transfer.

28.    When confronted by lawyers representing Investor No. 3, Starr explained that the transfers were in error and that he had intended to transfer the money from a different investor. That different investor, however, had ceased being a client of SIA or Starrco as of September 2008. Consequently, Starr's explanation to Investor No. 3 for the transfer of the funds is not credible.

29.    On May 4, 2010, in an apparent attempt to resolve the matter, Defendants delivered two checks, totaling $1.7 million, to Investor No. 3. These checks were written from the attorney trust account. The apparent source of the money paid to Investor No. 3

9

was a $2 million deposit into the attorney trust account by a third party. Upon information and belief, the third party was not informed that the money deposited into the attorney trust account would be used to repay money Defendants had misappropriated.

30.    Another instance of Defendants misappropriating client funds took place in 2008. During the time period of May through June 2008, Defendants told Investor No. 6 of certain investments in which only close personal friends were allowed to participate. Starr told Investor No. 6 that these investments were sure things that would generate a return of 5 to 10 times the initial investment.

31.    In response to Defendants' recommendation, Investor No. 6 provided at least $2 million to Defendants. This money was deposited in an account in the name of an LLC, controlled by Starr but outside of SIA or Starrco. At least $1.1 million of this money was subsequently transferred to the personal bank account of Starr and Passage.

32.    In 2009, Investor No. 6 requested the money back. Starr informed Investor No. 6 that it was too early. Starr subsequently stated that he could arrange for Investor No. 6 to get the money back in exchange for an 11% commission. To date, however, Starr has not returned Investor No. 6's money.

33.    Defendants were able to misappropriate client funds, in part, because SIA violated various Commission rules applicable to investment advisors concerning the custody of client funds and securities. SIA failed to make sure that its clients' funds and securities were maintained by a qualified custodian. In fact, certain client assets were being held in physical form in a safe in Starrco's offices despite the fact that Starrco is not a qualified custodian. And from 2006-2009, SIA failed to engage an independent

public accountant to verify through the performance of surprise examinations that the

funds and securities of Defendants' clients were being properly maintained.

## FIRST CLAIM FOR RELIEF
### (Violations of Section 206(1) and 206(2) of the Advisers Act)
### (Against All Defendants)

34.     The Commission realleges and incorporates by reference herein each and

every allegation contained in paragraphs 1 through 33 of this Complaint.

35.     Defendants are all investment advisors. SIA is a registered investment

advisor and its clients signed an Investment Advisory Agreement under which SIA was

appointed investment manager and adviser in exchange for a percentage fee.

36.     As the co-owner and managing director of SIA, Starr is also an investment

advisor under Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)].

37.     While Starrco is not a registered investment advisor, Starrco provided

advisory services to its clients who had not entered into a advisory agreements with SIA.

38.     Defendants directly or indirectly, singly or in concert, knowingly or

recklessly, through the use of the mails or any means or instrumentality of interstate

commerce, while acting as investment advisers within the meaning of Section 202(a)(11)

of the Advisers Act [15 U.S.C. § 80b-2(a)(11)]: (a) have employed devices, schemes, and

artifices to defraud any client or prospective client; or (b) have engaged in acts, practices,

or courses of business which operate as a fraud or deceit upon any client or prospective

client.

39.     By reason of foregoing, Defendants, directly or indirectly, singly or in

concert, have violated, are violating, and unless enjoined, will continue to violate,

Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)].

11

## SECOND CLAIM FOR RELIEF
### (Violations of Section 206(4) of the Advisers Act and Rules 206(4)-2(a)(1))
### (Against SIA)

40.     The Commission realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 39 of this Complaint.

41.     SIA at all relevant times was a registered investment adviser within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b-2(a)(11)].

42.     Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] prohibits any investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, engage in any act, practice of course of business which is fraudulent deceptive or manipulative.

43.     Advisers Act Rule 206(4)-2(a)(1) [75 C.F.R. § 275.206(4)-2(a)(1)] provides that an investment advisor engaged in a fraudulent act if it has custody of client funds or securities unless: (a) the funds or securities are maintained by a qualified custodian; (b) notice of the qualified custodian is provided to the clients; (c) the adviser has a reasonable basis for believing that the qualified custodian has sent account statements, at least quarterly; and (d) there is verification of funds and securities by an independent public accountant.

44.     SIA violated Section 206(4) and Rule 206(4)-2(a)(1) as it maintained SIA client securities in Starrco's safe and had signatory authority over client bank and securities accounts, despite the fact that none of SIA, Starrco, or Starr are qualified custodians. Further, SIA failed to engage an independent public accountant to conduct a verification of these securities and that the signatory authority was used for valid purposes only.

45.     By reason of foregoing, SIA, directly or indirectly, singly or in concert, has violated, is violating, and unless enjoined, will continue to violate, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. § 275.206(4)-2(a)(1)].

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that the Court grant the following relief:

### I.

An Order temporarily and preliminarily, and a Final Judgment permanently, restraining and enjoining Defendants, their agents, servants, employees and attorneys and all persons in active concert or participation with them, who receive actual notice of the injunction by personal service or otherwise, and each of them, from future violations of Sections 206(1) and 206(2) of the Advisers Act  [15 U.S.C. §§ 80b-6(1)-(2)].

### II.

An Order temporarily and preliminarily, and a Final Judgment permanently, restraining and enjoining SIA, its agents, servants, employees and attorneys and all persons in active concert or participation with it, who receive actual notice of the injunction by personal service or otherwise, and each of them, from future violations of Section 206(4) of the Advisers Act [15 U.S.C. § 806-6(4)] and Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. § 275.206(4)-2(a)(1)].

### III.

An Order directing Defendants and Relief Defendants and each of their financial and brokerage institutions, agents, servants, employees attorneys-in-fact, and those

persons in active concert or participation with them who receive actual notice of such

Order by personal service, facsimile service, or otherwise, to hold and retain within their

control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance,

assignment, dissipation, concealment or other disposal of any assets, funds, or other

property (including money, real or personal property, securities, commodities, choses in

action or other property of any kind whatsoever) of, held by, or under the control of

Defendants and/or Relief Defendants, whether held in their names or for their direct or

indirect beneficial interest wherever situated.

## IV.

An Order directing Defendants to file with this Court and serve upon the

Commission a verified written accounting, signed by each such Defendant, and under

penalty of perjury, setting forth:

(1)     All transfers of funds or securities made by clients of Defendants from

        January 1, 2005 through the present;

(2)     The purpose for each transfer of funds or securities;

(3)     The account controlled by Defendants or their agents to which such

        transfer of funds or securities was made; and

(4)     The accounts to which such funds or securities were ultimately sent.

Such information should be accompanied with backup documentation demonstrating the

validity of the information provided.

## V.

An Order directing Defendants and Relief Defendants to file with this Court and serve upon the Commission a verified written accounting, signed by each such Defendant and Relief Defendant, and under penalty of perjury, setting forth:

(1) All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of each such Defendant and Relief Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, property, assets and income received by each such Defendant and Relief Defendant for his or her direct or indirect benefit, at any time from January 1, 2005 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3) The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of each such Defendant and Relief Defendant; and

(4) All assets, funds, securities, and real or personal property received by each such Defendant or Relief Defendant, or any other person controlled by them, from persons who provided money to the Defendants and Relief Defendant in connection with the offer, purchase or sale of securities, from January 1, 2005 to

the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

Such information should be accompanied with backup documentation demonstrating the validity of the information provided.

## VI.

An Order directing the appointment of a Receiver over SIA, Starrco, and Colcave to ensure the status quo; to protect the assets of Defendants and Relief Defendants from being dissipated; to maintain the business of SIA and Starrco until such time as the clients of SIA and Starrco determine what course of action they will take concerning the management and oversight of their assets; and to ensure that future transfers of funds or securities from Defendants' clients are being made for legitimate purposes and that such funds are not improperly being diverted to Defendants.

## VII.

An Order directing expedited discovery against Defendants and Relief Defendants.

## VIII.

An Order enjoining and restraining Defendants and Relief Defendants, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing, or otherwise interfering with the access of the Commission to relevant documents, books and records.

## IX.

An order preventing any of Defendants' and Relief Defendants' creditors or claimants, or any person acting on behalf of such creditor or claimant, from taking any

action to interfere with the taking control, possession, or management of Defendants' or Relief Defendants' assets.

## X.

A Final Judgment ordering Defendants to disgorge their ill-gotten gain, plus prejudgment interest on a joint and several basis, and such other and further amount as the Court may find appropriate.

## XI.

A Final Judgment ordering Defendants to pay civil money penalties pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9].

## XII.

A Final Judgment ordering Relief Defendants to disgorge all funds belonging to the clients of Defendants and all property, real or otherwise, purchased with the funds of Defendants' clients, plus prejudgment interest.

## XIII.

An order enjoining and restraining each of Defendants and Relief Defendants, and their agents, employees, attorneys, or other professionals, anyone acting in concert with them, and any third party from filing a bankruptcy proceeding on behalf of any of the Defendants or Relief Defendants without at least 3 days notice to Plaintiff and approval of this Court.

## XIV.

An order requiring Defendants to repatriate assets held outside the United States by the Defendants and freezing those assets once repatriated.

## XV.

An order imposing a constructive trust over the apartment at 433 East 74th Street,

New York, NY, which was purchased by Colcave, LLP with funds misappropriated from

SIA and Starrco clients.

## XVI.

Such other and further relief as to this Court deems just and proper.

Dated: May 27, 2010
New York, New York

Respectfully submitted,

George S. Canellos

ATTORNEY FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION
Regional Director
New York Regional Office
3 World Financial Center, Room 400
New York, New York 10281
(212) 336-1100

*Of Counsel:*

Sanjay Wadhwa
Todd D. Brody
Robert Murphy
Timothy Casey
Sandeep Satwalekar

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------

SECURITIES AND EXCHANGE COMMISSION,                    : 10 Civ. _____ ( )

        Plaintiff,                                                                      :

        - against -                                                                    :

KENNETH IRA STARR, STARR INVESTMENT                    :
ADVISORS, LLC, and STARR & COMPANY, LLC,               :

        Defendants                                                                    :

DIANE PASSAGE and COLCAVE, LLC                         :

        Relief Defendants.                                                          :

-----------------------------------------------------------------------

```
USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #: _____
DATE FILED: 5/27/10
```

## ORDER TO SHOW CAUSE, TEMPORARY RESTRAINING ORDER AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

    Upon the application of the Plaintiff Securities and Exchange Commission

("Commission") for an order:

1.    Directing Defendants Kenneth Ira Starr ("Starr"), Starr Investment Advisors,

LLC, ("SIA"), and Starr & Company, LLC ("Starrco") (collectively, the

"Defendants") to show cause why an order should not be entered pending

adjudication of this action: (a) preliminarily enjoining the Defendants from

violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1),

(2)], and SIA from violating Section 206(4) of the Advisers Act [15 U.S.C. §§

80b-6(4)] and Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. §

275.206(4)-2(a)(1)]; (b) freezing the assets of the Defendants; (c) requiring the

Defendants to provide accountings; (d) preventing the Defendants from

destroying, concealing, or altering any books, records, documents, electronic data or computer files; (e) appointing a receiver for SIA and Starrco; (f) preliminarily enjoining Defendants from filing a bankruptcy proceeding without at least 3 days notice to Plaintiff and approval of this Court; and (g) requiring repatriation of all funds transferred to foreign accounts and the freezing of such funds;

2.    Directing Relief Defendants Diane Passage ("Passage") and Colcave LLC ("Colcave") (collectively, the "Relief Defendants") to show cause why an order should not be entered pending adjudication of this action: (a) freezing the assets of Relief Defendants; (b) requiring the Relief Defendants to provide accountings; (c) appointing a receiver for Colcave; (d) imposing a constructive trust over the apartment purchased by Colcave; (e) requiring repatriation of all funds transferred to foreign accounts and the freezing of such funds; (f) preventing the Relief Defendants from destroying, concealing, or altering any books, records, documents, electronic data or computer files; and (g) preliminarily enjoining Relief Defendants from filing a bankruptcy proceeding without at least 3 days notice to Plaintiff and approval of this Court.

3.    Pending adjudication of the relief described in paragraph 1 above, (a) temporarily restraining the Defendants from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], and SIA from violation Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. § 275.206(4)-2(a)(1)]; (b) temporarily freezing the assets of the Defendants; (c) requiring the Defendants to provide accountings; (d) temporarily preventing the Defendants from destroying, concealing, or altering

any books, records, documents, electronic data or computer files; (e) appointing a temporary receiver for SIA and Starrco; (f) temporarily restraining Defendants from filing a bankruptcy proceeding without at least 3 days notice to Plaintiff and approval of this Court; and (g) requiring repatriation of all funds transferred to foreign accounts and the freezing of such funds;

4.     Pending adjudication of the relief described in paragraph 2 above, (a) temporarily freezing the assets of the Relief Defendants; (b) appointing a temporary receiver for Colcave; (c) temporarily restraining Relief Defendants from filing a bankruptcy proceeding without at least 3 days notice to Plaintiff and approval of this Court; (d) temporarily preventing the Relief Defendants from destroying, concealing, or altering any books, records, documents, electronic data or computer files; and (e) requiring repatriation of all funds transferred to foreign accounts and the freezing of such funds;

and upon the Commission's Complaint, the Declaration of Todd D. Brody, the Declaration of Robert H. Murphy, the Affidavit of George O'Kane and the exhibits thereto, and the Memorandum of Law submitted by the Commission in support of its Application for Order to Show Cause, Temporary Restraining Order, Asset Freeze and Other Relief, due consideration having been had thereon.

Based on the foregoing, the Court finds that a proper showing has been made for the relief granted herein in that the Commission has made a sufficient and prima facie showing that:

(i)     Defendants have engaged in violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], and SIA has engaged in

violating Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. § 275.206(4)-2(a)(1)] as charged in the Complaint;

(ii)   There is a likelihood that these violations will continue unless restrained and enjoined;

(iii)   Unless restrained and enjoined, there is a likelihood that Defendants may dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement of ill-gotten gains or an order to pay civil penalties in this action;

(iv)   The appointment of a temporary receiver is necessary to: (i) preserve the status quo, (ii) prevent Defendants from further misappropriating customer funds, (iii) preserve Defendants' and Relief Defendants' assets in order to prevent the diminution of the value of those assets, (iv) ascertain the true financial condition of the Defendants and Relief Defendants, and the disposition of client funds, (v) prevent the encumbrance or disposal of property or assets of the Defendants and Relief Defendants.

(v)   A Temporary Restraining Order: (i) restraining the Defendants from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], and SIA from violating Section 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. § 275.206(4)-2(a)(1)]; (ii) prohibiting the Defendants and Relief Defendants from destruction, concealment or alteration of documents, electronic data and computer files; (iii) freezing the assets of

4

Defendants and Relief Defendants; and (iv) requiring Defendants and
Relief Defendants to provide accountings, is necessary to preserve the
status quo.

**NOW, THEREFORE,**

## I.

**IT IS HEREBY ORDERED,** that pending a hearing and determination of the
Commission's Application for Preliminary Injunction, the Defendants, and each of them,
their agents, servants, employees, and attorneys-in-fact, and those persons in active
concert or participation with them who receive actual notice of this Order by personal
service, facsimile service, or otherwise, are temporarily restrained from future violations
of Sections 206(1) and 206(2) of the Advisers Act .

## II.

**IT IS FURTHER ORDERED,** that pending a hearing and determination of the
Commission's Application for Preliminary Injunction, SIA and each of its agents,
servants, employees, and attorneys-in-fact, and those persons in active concert or
participation with SIA who receive actual notice of this Order by personal service,
facsimile service, or otherwise, are temporarily restrained from future violations of
Section 206(4) of the Advisers Act and Rule 206(4)-2(a)(1) promulgated thereunder.

## III.

**IT IS FURTHER ORDERED,** that pending a hearing and determination of the
Commission's Application for a Preliminary Injunction, the Defendants and the Relief
Defendants, their officers, agents, servants, employees, and attorneys-in-fact, and those

persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise shall hold and retain within their control, and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, hypothecation, concealment, or other disposal of any assets, funds, or other property (including, but not limited to, money, real or personal property, securities, choses in action, deposits, claims, and other intangibles) wherever situated, currently held by them or under their control for, on behalf of, or for the direct or indirect benefit of the Defendants and the Relief Defendants.

## IV.

**IT IS FURTHER ORDERED,** that pending a hearing and determination of the Commission's Application for a Preliminary Injunction, the Defendants and the Relief Defendants, their officers, agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise shall be enjoined and restrained from filing a bankruptcy proceeding on behalf of any of the Defendants or Relief Defendants without at least 3 days notice to Plaintiff and approval of this Court.

## V.

**IT IS FURTHER ORDERED,** that pending a hearing and determination of the Commission's Application for Preliminary Injunction, all of the banks, brokerage institutions, securities dealers, other financial institutions, insurance companies, debtors or bailees, trustees, and other persons or entities holding any assets, funds, or other property of Defendants or Relief Defendants, hold and retain within their control and

lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount; (2) all money, property, assets and income received by each such Defendant and Relief Defendant for his or her direct or indirect benefit, at any time from January 1, 2005 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed; (3) the names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of each such Defendant and Relief Defendant; and (4) all assets, funds, securities, and real or personal property received by each such Defendant or Relief Defendant, or any other person controlled by them, from persons who provided money to the Defendants and Relief Defendant in connection with the offer, purchase or sale of securities, from January 1, 2005 to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property. Such information should be accompanied with backup documentation demonstrating the validity of the information provided.

## X.

**IT IS FURTHER ORDERED,** that pending further order of this Court, _____ be, and hereby is, appointed to act as temporary receiver for Defendants SIA and Starrco and for Relief Defendant Colcave. The temporary receiver is hereby empowered to:

    A.    Take and retain immediate possession, custody, and control of all assets and property and the books and records of SIA, Starrco, and Colcave;

9

B.    Take all steps deemed necessary to secure and protect the assets and property of SIA, Starrco, and Colcave, including but not limited to the premises, files, and information systems;

C.    Engage and employ persons, in his discretion, to assist in carrying out his duties and responsibilities hereunder, including accountants, attorneys, and experts;

D.    Acquire and retain all rights and powers which SIA, Starrco, and Colcave have to manage, control, operate and maintain their businesses (including, but not limited to, the power to direct, hire, suspend, and terminate personnel), and to possess, receive, or use income, earnings, rents, and profits with full power to commence, maintain, defend or participate in legal proceedings, to sue for, collect, receive and take into possession all goods, chattels, rights, general intangibles, choses in action, credits, monies, effects, lands, books and records of account, and other papers, including exclusive authority to make expenditures on behalf of SIA, Starrco, and Colcave, with a view to preventing loss, damage, and injury to public investors, and preserving assets and the records of SIA, Starrco, and Colcave;

E.    Take control over the business of SIA and Starrco, including but not limited to hiring a law-abiding registered investment advisor to manage SIA's and Starrco's clients' assets and to hiring law-abiding individuals to provide accounting, tax preparation, business management, bill-paying, and "concierge" services previously provided to SIA's and Starrco's

clients, until the clients of SIA and Starrco determine what course of action they will take regarding the management and oversight of their assets;

F.  Notwithstanding the asset freeze imposed above, the temporary receiver shall have the power to open and close bank accounts, securities accounts and commodities accounts; to purchase or sell securities and commodities contracts in any such account of SIA, Starrco, and Colcave and to execute checks or otherwise disburse money from those bank or securities accounts of SIA, Starrco, and Colcave to pay its obligations in the normal course of business; except, however, that pending further order of the Court, neither SIA, Starrco, or Colcave nor the temporary receiver shall make any payments of funds to any SIA and Starrco clients;

G.  Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application.

## XI.

**IT IS FURTHER ORDERED,** that Defendants and Relief Defendants shall repatriate all assets held outside of the United States and that such assets shall be subject to paragraphs III and IV above.

## XII.

**IT IS FURTHER ORDERED,** that pending a hearing and determination of the Commission's Application for Preliminary Injunction, a constructive trust shall be imposed on the apartment owned by Colcave at 433 East 74th Street, New York, NY.

## XIII.

**IT IS FURTHER ORDERED,** that the Defendants and Relief Defendants show cause, if there be any, to this Court at _9:30_ A.m. on the _11_[th] day of June, 2010, in Court Room _23A_ of the United States Courthouse, 500 Pearl Street, New York, New York, why this Court should not enter an Order preliminarily enjoining Defendants from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1), (2)], and SIA from violating Sections 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-2(a)(1) promulgated thereunder [75 C.F.R. § 275.206(4)-2(a)(1)], and why the asset freeze, the appointment of a receiver, and all other relief granted by this Order should not be extended until the final determination of this action on the merits.

## XIV.

**IT IS FURTHER ORDERED,** that all papers responding to this Order to Show Cause shall be filed not later than 4:00 p.m. on June _4_, 2010. Service on the Commission shall be made by (a) delivering such papers by hand, electronic mail, or overnight mail to the New York Regional Office of the Commission at 3 World Financial Center, New York, New York 10281, attention Todd D. Brody, Esq. The Commission shall have until 4:00 p.m. on June _8_, 2010, to serve and file reply papers upon any party serving responsive papers by hand, electronic mail, or by overnight mail.

## XV.

**IT IS FURTHER ORDERED,** that for good cause shown the provisions of Fed. R. Civ. P. 26, 30, 31, 33, and 34, and Local Civil Rule 26 are modified to provide that (a) depositions of the Defendants and Relief Defendants, their officers, directors, and employees, including depositions pursuant to Fed. R. Civ. P. 30(b)(6) may be taken on

prohibit the withdrawal, removal, transfer, or other disposal of such assets, funds, or other properties.

## VI.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendants shall file with the Court and serve on the Commission, within three (3) business days following service of this Order, a list of all accounts at all banks, brokerage firms or financial institutions (including the name of the financial institution and the name and number on the account), telephone or facsimile transmission numbers (including numbers of pagers and mobile telephones), electronic mail addresses, World Wide Web sites or Universal Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety deposit boxes, and storage facilities used or maintained by them or under their direct or indirect control, at any time from January 1, 2005 to the present.

## VII.

**IT IS FURTHER ORDERED,** that pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Defendants and Relief Defendants, and any person or entity acting at their direction or on their behalf are restrained from destroying, altering, deleting or concealing any documents, including electronically stored information, in the possession, custody, or control of the Defendants and Relief Defendants, their agents, employees, servants, accountants, banks, and attorneys that relate, directly or indirectly, to the allegations of the Complaint herein. This paragraph applies to all forms of information, including but not limited to, information stored on computer memory or posted on, made available in, or sent or

received through, electronic mail, the World Wide Web, Internet news groups, electronic bulletin board systems, online interactive conversational spaces or chat rooms, classified advertising sections of any online services, fax-back services, or in any other location accessible by modem communications.

## VIII.

IT IS FURTHER ORDERED, that Defendants shall file with this Court and serve upon the Commission, within three (3) business days, or within such extension of time as the Commission staff agrees to, a verified written accounting, signed by each such Defendant, and under penalty of perjury, setting forth: (1) all transfers of funds or securities made by customers of Defendants from January 1, 2005 through the present; (2) the purpose for each transfer of funds or securities; (3) the account controlled by Defendants or their agents or servants to which such transfer of funds or securities was made; (4) the accounts to which such funds or securities were ultimately sent. Such accounting should be accompanied with backup documentation demonstrating the validity and accuracy of the information provided.

## IX.

IT IS FURTHER ORDERED, that Defendants and Relief Defendants shall file with this Court and serve upon the Commission, within three (3) business days, or within such extension of time as the Commission staff agrees to, a verified written accounting, signed by each such Defendant and Relief Defendant, and under penalty of perjury, setting forth: (1) all assets, liabilities and property currently held, directly or indirectly, by or for the benefit of each such Defendant and Relief Defendant, including, without limitation, bank accounts, brokerage accounts, investments, business interests, loans,

8

three (3) business days notice to all appearing parties; and (b) Defendants and Relief

Defendants shall respond to all interrogatories, requests for admissions and requests for

production (including the production of requested documents) within three (3) business

days after service

## XVI.

**IT IS FURTHER ORDERED,** that service of this Order and supporting papers

and all pleadings and papers to be served in this action, including subpoenas to non-

parties, but not including the Summons and Complaint, may be made personally, by

overnight courier, by electronic mail, or by such other means as the Court may direct by

further order.

## XVII.

**IT IS FURTHER ORDERED,** that the Commission cause a copy of this Order

to Show Cause, and of the papers upon which it was granted, to be served upon the

Defendants by 5:00 p.m. on May 28, 2000.

*[handwritten: pursuant to Fed Civ. R.P. 65(b)(2)]*

*[handwritten: This Order expires on June 10 at 5 P M unless extended prior to that date and time. There will be a conference on June 1 at 1 p.m in courtroom 23 A is required to a petition temporary monitor for defs SIA and Storjes and the Relief Defendants Colearn should be appointed.]*

Issued at 1:30 p.m., at New York, New York, this 27 day of March, 2000.

_____

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | 10 Civ. 4270 (SHS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| KENNETH IRA STARR, STARR INVESTMENT | : | |
| ADVISORS, LLC, and STARR & COMPANY, LLC, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| DIANE PASSAGE and COLCAVE, LLC, | : | |
| | : | |
| Relief Defendants. | : | **ECF CASE** |
| | : | |

## <u>NOTICE OF PENDENCY</u>

JOHN J. GRAUBARD
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Room 400
New York, New York 10281-1022
Tel.: 212-336-0084; Fax: 212-336-1319
E-mail: graubardj@sec.gov