USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/7/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

        -against-

KENNETH IRA STARR, STARR INVESTMENT
ADVISORS, LLC, and STARR & CO., LLC,

                    Defendants.

DIANE PASSAGE and COLCAVE, LLC,

                    Relief Defendants.

------------------------------------------------------------------x

10 Civ. 4270 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

By Order dated June 1, 2010, this Court appointed Aurora Cassirer, Esq. as interim monitor over defendants Starr Investment Advisors, LLC, Starr & Co., LLC (collectively, the "Starr Companies"), and relief defendant Colcave, LLC. That Order also set forth the scope of Ms. Cassirer's duties and authority as monitor. On June 4, 2010, Ms. Cassirer submitted a First Report to this Court detailing her work thus far as interim monitor and requesting that she be granted specific additional powers as monitor, or, in the alternative, that a receiver be appointed.

A conference having been held today in open court with only counsel for plaintiff and Ms. Cassirer appearing and no one appearing on behalf of any defendant or relief defendant, IT IS HEREBY ORDERED that Ms. Cassirer is appointed as temporary receiver, and, as such, she is authorized to:

1. Take and retain immediate possession, custody, and control of all assets and property and the books and records of the Starr Companies and Colcave;

2. Take all steps deemed necessary to secure and protect the assets and property of the Starr Companies and Colcave, including but not limited to the premises, files, and information systems;

3. Engage and employ persons, in her discretion, to assist in carrying out her duties and responsibilities hereunder, including accountants, attorneys, and experts;

4. Acquire and retain all rights and powers which the Starr Companies and Colcave have to manage, control, operate, and maintain their businesses (including, but not limited to, the power to direct, hire, suspend, and terminate personnel), and to possess, receive, or use income, earnings, rents, and profits with full power to commence, maintain, defend or participate in legal proceedings, to sue for, collect, receive, and take into possession all goods, chattels, rights, general intangibles, choses in action, credits, monies, effects, lands, books, and records of account, and other papers, including exclusive authority to make expenditures on behalf of the Starr Companies and Colcave, with a view to preventing loss, damage, and injury to public investors, and preserving assets and the records of the Starr Companies and Colcave;

5. Take control over the businesses of the Starr Companies including but not limited to hiring a registered investment advisor to manage the Starr Companies' clients' assets and to hiring individuals to provide accounting, tax preparation, business management, bill-paying, and "concierge" services previously provided to the Starr Companies' clients, until the clients of the Starr Companies determine what course of action they will take regarding the management and oversight of their assets; and

6. Notwithstanding the asset freeze imposed above, the temporary receiver shall have the power to open and close bank accounts, securities accounts, and commodities accounts; to purchase or sell securities and commodities contracts in any such account of the Starr Companies and Colcave, and to execute checks or otherwise disburse money from those banks or securities accounts of the Starr Companies and Colcave to pay its obligations in the normal course of business; except however, that pending further order of the Court, neither the Starr Companies nor Colcave nor the temporary receiver shall make any payments of funds to any of the Starr Companies' clients.

The next pretrial conference in this action will be held on June 10, 2010 at 9:30 a.m., when the S.E.C.'s motion for a preliminary injunction and the extension of the other relief granted in the temporary restraining order dated May 27, 2010 is returnable.

Dated: New York, New York
      June 7, 2010

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.