ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/2/2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

-against-

KENNETH STARR, STARR INVESTMENT
ADVISORS, LLC, and STARR & COMPANY,
LLC.,

    Defendants,

DIANE PASSAGE and COLCAVE, LLC,

    Relief Defendants.
------------------------------------------------------------

10-cv-4270 (SHS)

**PRO SE MOTION TO STAY**

PRO SE OFFICE

Defendant Kenneth Starr on his own behalf files this motion to stay the proceedings brought against him and the other defendants in this case until the end of the criminal proceedings that have been filed against him in Case No. 1:10-mj-01135.

## PROCEEDINGS

On May 27, 2010 the SEC brought this lawsuit against the defendants, including the undersigned Kenneth I. Starr. At the same time, the SEC asked for and received a temporary restraining order freezing the assets of all of the defendants. On the same day, the undersigned was arrested on the basis of a criminal complaint, and he has been incarcerated at the Metropolitan Corrections Center ever since. All of the undersigned's assets are subject to the SEC freeze and because of that freeze, I have been unable to retain counsel for this case or the criminal case. On June 10, 2010, the undersigned was charged in a 23-count indictment.

The allegations of wrongdoing in the SEC action and the criminal indictment are virtually the same. Here is a partial comparison:

- both the SEC complaint and the indictment allege fraud and other wrongdoing based on my and my companies (Starr & Company and Starr Investment Advisors) management of the funds of clients and also on alleged misrepresentations made to these clients as to transfers and investments of their funds

- both the SEC complaint and the indictment (and the criminal complaint in the case) name most of the same alleged victims and the same allegations concerning those victims; in fact the allegations of transfers, dates of transfer and amounts in the two documents are, as to the common alleged victims, the same

- both the SEC complaint and the indictment allege that I misused client funds for some of the same purposes, including the purchase of a condo and other living expenses

- both the SEC complaint and the indictment seek to freeze and forfeit the same funds, accounts and assets

The documents, witnesses, and testimony for me to respond to the SEC complaint and the criminal indictment would be overlapping and almost identical.

As I submit this motion, I do not have counsel to represent me and my companies in the SEC action, and I do not have private counsel to represent me in the criminal case. The firm of McDermott Will & Emery has provided some advice in this action – trying to work out a schedule with the SEC, helping my wife provide information to the SEC and providing me with the cases cited in this motion and advice about those cases and typing this motion – but they are

not able to enter their full appearance at this time. Similarly, I am being represented by the Federal Public Defender in the criminal action until such time as I can organize a motion for release and then seek retention of private counsel.

Given the situation, I cannot properly defend myself in either the SEC action or the criminal case. In addition, I am sure that defending the SEC action, especially responding to the preliminary injunction issues and the complaint, can have an impact on my criminal case. Things I provide and say may very will be used against me in the criminal case and vice versa. The allegations in both cases are so similar, there is no way to be able to respond or participate in one without in affecting the other. While the SEC and the public have an interest in pursuing the claims in this case, those interests are protected by the fact that a TRO is in effect (and any relief I can get will have to be approved by the court) and because the allegations of the criminal case, if proven true, can then be used by the SEC in its action.

## ARGUMENT

This case is like a recent one decided in this court by U.S. District Judge Denise Cote. In that case, SEC v. Boock, 2010 U.S. Dist. LEXIS 59481 (June 15, 2010) two defendants, representing themselves pro se (as I am doing) were sued by the SEC while they were under indictment. The allegations in the SEC case and the criminal case overlapped, as they do here. The defendants in that case moved the court for a stay of the SEC action, pending the resolution of the criminal case and the district court granted the stay. The district court stated that, while s stay was not automatic, it had the discretion to do so when certain factors were present: (1) the extent to which the issues in the cases overlap; (2) the status of the case, especially if the defendants has been indicted; (3) the private interests of plaintiffs in the postponing the proceeding weighed against the prejudice; (4) the private interests of the defendant and the

burdens on the defendant; and (5) the public interest. Those factors were present in the <u>Boock</u> case and are in this case as well. As in <u>Boock</u>, the overlapping of the issues in both cases is extensive. The same allegations of wrongdoing are present against almost all the same alleged victims with the same evidence that would be used in both. The status of the case is the same – the SEC case in proceeding after the defendants were indicted. In fact, there was a claim by the SEC that the defendants in <u>Boock</u> waited to file for their stay for months. I am not doing that as the SEC case and indictment are almost at the exact same time. The SEC interests in proceeding are addressed by a TRO to which I would have to apply for specific relief and the U.S. Attorney will be pursuing the similar claims as hard as the SEC would in any event. The burdens on me to deal with the SEC case beyond the issue of my self-incrimination are obvious and large. I have no assets now; no counsel now; and what I am able to get and retain need initially to be devoted to the criminal case. The public interest is also addressed by the TRO and the vigorous prosecution of the criminal case by the U.S. Attorney. In short, nothing is lost to the SEC or the public if a stay is granted other than my being piled up on and inundated and made to choose between defending myself and incriminating myself and having insufficient legal help to make these decisions. That should not be a reason to proceed.

<u>Boock</u> is not the only case to grant such stays in these or similar circumstances. In <u>Trustees of the Plumbers and Pipefitters v. Transworld Mechanical, Inc., 886 F.Supp. 1134 (SDNY 1995)</u>, the court in this district also granted a stay of SEC proceedings reviewing the same factors. In that case, the court noted that such a stay was especially appropriate when the defendant making the request has already been indicted as I have been. Such stay was also granted in the Worldcomm case (again by Judge Cote). In <u>In re Worldcomm</u>, 2002 U.S. Dist. LEXIS 23172 (SDNY, Dec. 5, 2002) a stay was granted because of a great overlap in SEC and

criminal charges, the defendants being made to chose how to proceed in both cases, and the other factors above. In the cases on this subject and as I explained above, the outcome of the criminal case against me can have a great impact on any SEC case and so there would be an efficiency for everyone to wait. Sometimes it is the Justice Department or U.S. Attorney who seeks the stay, but that often comes as a result of discovery being started in the SEC case which is what I am trying to avoid starting here.

Consequently, for the reasons and factors in the cases that have been decided in this district and other districts as well, and those reasons and factors applying in my case, I am moving that this court stay the SEC case pending the criminal charges against me. Any relief I would seek from the existing TRO or future one would be done to this court for the limited purposes of seeking funds for living expenses or attorneys fees. There would be no other issues that had to be pursued in the SEC case that were not being addressed in the criminal case.

Respectfully submitted,

_____
Kenneth I. Starr – MCC #63552-054
c/o Metropolitan Corrections Center
150 Park Row
New York, N.Y 10007

## CERTIFICATE OF SERVICE

I have made arrangements for a copy of this motion to be sent to the SEC attorneys who have filed this action.

_____
Kenneth I. Starr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Securities And Exchange Commission

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

Kenneth Starr et al

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

10 Civ. 4270 ( SHS ) ( )

**AFFIRMATION OF SERVICE**

I, Eddie Santamaria *(name)*, declare under penalty of perjury that I have served a copy of the attached Pro-Se motion To stay *(document you are serving)* upon Securities And Exchange Commission *(name of person served)* whose address is 3 World Financial Center, rm 4300 NY, NY 10281 *(where you served document)* by personally delivering to regular mail *(how you served document: For example - personal delivery, mail, overnight express, etc.)*.

Dated: New York *(town/city)*, NY *(state)*

July *(month)* 2 *(day)*, 2010 *(year)*

Signature

Address: 340 Madison Ave.

City, State: NY, NY 10173

Zip Code

Telephone Number: 212-547-5400

Rev 05/2007