LEE W. STREMBA
212.704.6143 telephone
212.704.5962 facsimile
lee.stremba@troutmansanders.com

**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0700
212.704.6000 telephone
troutmansanders.com

October 27, 2010

**BY HAND**

Hon. Sidney H. Stein
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: **U.S. Securities and Exchange Commission v. Starr et al. (10-cv-04270-SHS)**

Dear Judge Stein:

This firm is counsel to Aurora Cassirer, the Receiver appointed in the above-captioned action for the estates of Defendants Starr Investment Advisors, LLC ("SIA") and Starr & Company, LLC, ("Starrco"), and Relief Defendant Colcave, LLC ("Colcave"). By this letter, I respectfully submit for the Court's consideration a proposed Order which would make it clear that the Receiver is authorized to deliver or turn over to former clients of SIA and Starrco the original files maintained by SIA and Starrco for those clients. I make this submission with the consent of the SEC.

As we have previously advised the Court, the Receiver has been subject to a subpoena issued by the US Attorney's Office which prevents her from disposing of original client files, even by turning those files over to the former clients for whom such files were maintained. Because of those restrictions, the Receivership Estates have incurred substantial costs associated with the storage of the clients' files and to address the requests of many clients for access to and copies of documents from their files. The US Attorney's Office has recently released the Receiver from the strictures of its subpoena to the extent necessary to permit former clients to take possession of their original files. The Receiver accordingly would like to notify clients that their files are now available.

Before doing so, however, the Receiver wants to be sure that her turnover of files to former clients will not in any way violate this Court's Order of July 8, 2010 (Docket No. 19, the "July 8 Order") which granted the SEC's motion for preliminary injunctive relief and appointed the Receiver. The July 8 Order, a copy of which is enclosed, contains a provision (Article VII) which prohibits the Defendants from "destroying, altering, deleting or concealing any

TROUTMAN
SANDERS

Hon. Sidney H. Stein
October 27, 2010
Page 2

    Before doing so, however, the Receiver wants to be sure that her turnover of files to former clients will not in any way violate this Court's Order of July 8, 2010 (Docket No. 19, the "July 8 Order") which granted the SEC's motion for preliminary injunctive relief and appointed the Receiver. The July 8 Order, a copy of which is enclosed, contains a provision (Article VII) which prohibits the Defendants from "destroying, altering, deleting or concealing any documents." Although we believe that the July 8 Order does not, in letter or spirit, preclude the Receiver's turnover of files to the clients for whom the files were maintained, the Receiver believes it appropriate to avoid any doubt on this issue by seeking entry of the enclosed form of Order.

    At the request of the SEC, the Receiver has included in the proposed Order a requirement that the Receiver obtain a signed undertaking and acknowledgment from any former client who wishes to obtain files to the effect that the client: (a) will preserve such files and produce them to the SEC upon request; and (b) may be deemed in contempt of Court for failing to honor such undertaking. In this way, the SEC's interest in having relevant files preserved and, if necessary, made available to the SEC is protected.

Respectfully submitted,

Lee W. Stremba

cc: Timothy Casey, Esq., Securities and
    Exchange Commission (via email)
   Michael Bosworth, Esq., Office of
    the United States Attorney (via email)
   ECF Notice List

1428450v2

TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel: 212-704-6000
Fax: 212-704-6288
Lee W. Stremba

*Attorneys for Receiver Aurora Cassirer*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

-against-                                                                 10 CIV. 4270 (SHS)

KENNETH IRA STARR, STARR INVESTMENT
ADVISORS, LLC, and STARR & COMPANY, LLC,

                Defendants,

DIANE PASSAGE and COLCAVE, LLC,

                Relief Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORDER REGARDING THE DISPOSITION OF
ORIGINAL FILES OF CLIENTS OF STARR INVESTMENT
ADVISORS, LLC AND STARR & COMPANY, LLC

Upon the letter application of Aurora Cassirer (the "Receiver"), as receiver for Defendants Starr Investment Advisors, LLC("SIA") and Starr & Company, LLC ("Starrco") and Relief Defendant Colcave, LLC ("Colcave"), and upon the consent of the Plaintiff Securities and Exchange Commission (the "SEC"), it is hereby:

ORDERED, that the Receiver is authorized to deliver or turn over to former clients of Defendants SIA or Starrco any and all original books, records and files which were maintained

1428449v3

by SIA or Starrco for and on behalf of such clients and which are currently or hereafter may come within the possession, custody or control of the Receiver, provided that before any original books, records or files are turned over by the Receiver to a former client of SIA or Starrco, the Receiver must provide said former client with a copy of this Order and obtain from said former client a signed undertaking and acknowledgment that: (a) while this action remains pending, or until further order of this Court, the client will make such books, records and documents available to the SEC upon our request and will not destroy any such books, records and files; and (b) such client's failure to produce documents or failure to preserve documents in accordance with such undertaking may be deemed a contempt of Court; and it is further

ORDERED, that to the extent that the authority hereby granted to the Receiver may be deemed inconsistent with the provisions of this Court's Order dated July 8, 2010 (Docket No. 19), which, *inter alia*, granted the SEC's motion for preliminary injunctive relief and appointed the Receiver over the estates of SIA, Starrco and Colcave (the "July 8 Order"), the terms of this Order shall govern and the July 8 Order shall be deemed amended.

Issued at _____ .m., at New York, New York, this \_\_\_\_ day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE

1428449v3