TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel: 212-704-6000
Fax: 212-704-6288
Lee W. Stremba

*Attorneys for Receiver Aurora Cassirer*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,                     :
                                                        :
                                      Plaintiff,        :
                                                        :     10 CIV. 4270 (SHS)
          -against-                                     :
                                                        :
KENNETH IRA STARR, STARR INVESTMENT               :
ADVISORS, LLC, and STARR & COMPANY, LLC,          :
                                                        :
                                     Defendants,        :
                                                        :
DIANE PASSAGE and COLCAVE, LLC,                    :
                                                        :
                              Relief Defendants.        :
------------------------------------------------------------------------------x

## RECEIVER'S MOTION FOR AN ORDER TERMINATING RECEIVERSHIPS OF STARR INVESTMENT ADVISORS, LLC AND STARR & COMPANY, LLC AND GRANTING RELATED RELIEF

Aurora Cassirer, Esq., in her capacity as receiver (the "Receiver") for Defendants Starr

Investment Advisors, LLC ("SIA"), Starr & Company, LLC ("Starrco") and Relief Defendant

Colcave LLC ("Colcave," and collectively with Starrco and SIA, the "Receivership Estates"),

appointed in the above-captioned case (the "Receivership Action") by Order of this Court dated

July 8, 2010 (the "Preliminary Injunction Order") (Docket No. 19), respectfully moves this Court

for an Order terminating the receiverships of SIA and Staarrco and granting related relief (the

"Motion").  The Securities and Exchange Commission (the "SEC"), which is the plaintiff in this action, consents to the relief sought by the Receiver in this Motion.[1]

## I.     BACKGROUND

### A.     History of Proceedings

On May 26, 2010, the United States Attorney filed a complaint against Kenneth Starr ("Starr") alleging that Starr "has utilized [the Starr Companies] to commit fraud."  Sealed Complaint at ¶ 7, United States v. Starr, 10-CR-00520-SAS-1 (S.D.N.Y. May 26, 2010).  On May 27, 2010, federal agents arrested Starr in the condominium he had just recently purchased in the name of Colcave for $7.5 million, using funds misappropriated from clients of the Starr Companies.  Also on May 27, 2010, the SEC commenced the within action in this Court against the above-captioned Defendants and Relief Defendants.  The SEC alleges in its Complaint that the Defendants perpetrated a fraudulent scheme, abusing the signatory power they had over their clients' bank and investment accounts and misappropriating client funds for their own purposes, and as a result directly or indirectly engaged in acts in violation of the Investment Advisers Acts of 1940 (the "Advisers Act").

At a hearing on May 27, 2010, the Court in the within action found good cause to believe that the Defendants violated the Advisers Act and entered an Order (Docket No. 2) imposing, among other things, asset freezes against the Defendants and the Relief Defendants and a constructive trust over the condominium unit located at 433 East 74th Street, New York, New York (the "Colcave Apartment").

---

[1] For the avoidance of confusion, we note that references in this Motion to the United States or to the Government include the Department of Justice, the United States Attorney's Office or the Internal Revenue Service, but do not include the SEC.  Conversely, references to the SEC do not include the Department of Justice, the United States Attorney's Office or the Internal Revenue Service.

By Order of this Court dated June 1, 2010 (Docket No. 5), Aurora Cassirer, Esq. was appointed interim monitor for the Receivership Estates and granted the authority to monitor the expenses and transfers into and out of the bank accounts of the Receivership Estates.  Ms. Cassirer's tenure as Interim Monitor continued until June 7, 2010 when, although the SEC's then-pending preliminary injunction motion was adjourned, this Court issued an Order (Docket No. 13) appointing Ms. Cassirer temporary receiver for the Receivership Estates and granted her the authority to retain immediate custody and control of all assets and property of the Receivership Estates, and take all steps necessary to protect such assets and property.

On June 10, 2010, a federal grand jury empanelled in the United States District Court for the Southern District of New York handed down a twenty-three count indictment against Starr, including counts for wire fraud, money laundering, fraud by an investment advisor, and securities fraud (the "Federal Indictment").  The Federal Indictment charges Starr with having defrauded or attempted to defraud his victims of at least $59 million.  Federal Indictment at ¶ 4, United States v. Starr, 10-CR-00520-SAS-1 (S.D.N.Y. June 10, 2010).

On July 8, 2010, this Court heard from counsel with respect to the SEC's adjourned motion for preliminary injunctive relief and with respect to motions filed by Kenneth Starr and by the US Attorneys' Office seeking a stay of proceedings in the within action.  Following counsels' presentations on July 8, 2010, this Court entered the Preliminary Injunction Order (Docket No. 19), *inter alia*: (a) preliminarily enjoining the Defendants from violating the Advisers Act; (b) freezing assets of the Defendants and Relief Defendants; (c) requiring the Defendants and Relief Defendants to render accountings; (d) preventing the Defendants and Relief Defendants from destroying, concealing or altering any books, records, documents,

electronic data or computer files; and (e) appointing the Receiver on a permanent basis over the Receivership Estates.

On September 10, 2010, Starr entered into a written plea agreement with the United States Department of Justice (the "Plea Agreement"), and confirmed his agreement in open court.  In accordance with the Plea Agreement, Starr pled guilty to three counts—one count of wire fraud, one count of money laundering, and one count of fraud by an investment advisor—with a statutory maximum sentence of forty-five years in prison.  In entering into the Plea Agreement, Starr acknowledged "that he has accepted this Agreement and decided to plead guilty because he is in fact guilty" of the alleged criminal conduct.  In addition, the Plea Agreement reflects Starr's agreement and admission that his criminal conduct has caused "a loss of more than $20,000,000."  On March 2, 2011, Starr was sentenced to seven and one half years in prison.

**B.      Administration of the Starr Companies' Receivership Estates**

The business of Starrco involved, in large measure, the management of the personal affairs of high-net-worth clients (including individuals, business entities, personal trusts and others).  As of June 1, 2010, based upon records that Ms. Cassirer obtained at the Starr offices, and conversations with key employees of Starrco, it appeared that there were only 30 or 40 personal management clients left, down from approximately 140 just a month or two earlier, and the list of remaining clients was getting smaller each day as clients, or their attorneys or other representatives, asked that the clients' accounts be transferred to new management companies.  By July 8, 2010, when Ms. Cassirer assumed the position of Receiver, the abandonment of Starrco by its former clients was complete and Starrco was out of the business of providing personal client management services.

The other principal component of the Starr Companies' business was the investment advisory and management business conducted by SIA, a registered investment advisory firm. Because of the Government's and SEC's freeze on bank accounts of the Starr Companies and related injunctive relief, as of June 1, 2010, when Ms. Cassirer was appointed Interim Monitor, there was no investment activity being conducted at SIA.  Thus, as with Starrco, as of the date that Ms. Cassirer became the Monitor of SIA, that company was effectively no longer conducting business.

Recognizing the harsh reality of the situation at the Starr Companies, including the fact that there were no funds available to pay payroll, that employees could not expect to be covered by a current health insurance policy, and that employees' 401(k) contributions had apparently been diverted by Kenneth Starr, very soon after she was appointed temporary receiver Ms. Cassirer was compelled by circumstances to confirm to all of the employees of the Starr Companies that their employment had to be terminated.  Accordingly, from and after June 11, 2010, the Starr Companies no longer had any employees.

During the early days of the receiverships, with the advice of benefits professionals of Troutman, the Receiver also determined that the documentation of the Starrco 401(k) Plan was sufficiently up to date to permit employees to make withdrawals without facing undesirable tax consequences, and the Receiver has since processed numerous requests by former employees for access to their funds.  In addition, with advice from her benefits attorneys at Troutman Sanders, the Receiver has urged plan participants to roll their funds into personal IRA or other types of accounts so that Starrco's 401(k) Plan can be wound down.  As a result, there remain only approximately seven (7) former employees who have not removed their funds from the Starrco 401(k) Plan.

By mid-August, 2010, the Receiver and Troutman had addressed to the extent reasonably possible the many requests of former clients of Starrco and SIA for copies of materials in their files, while accommodating the interests of the Government with regard to the preservation of documents, and it was time for the Receiver to proceed expeditiously to vacate the Starr Offices. To that end, the Receiver undertook to box all client files and other business records and documents currently at the premises to prepare to move those documents into off-site storage. Certain records and files deemed of significance to the Receivership Estates were moved to the Troutman Sanders' offices so that they will be readily accessible for review.  Nevertheless, there were approximately 1,975 boxes moved into storage between September 1, 2010 and September 9, 2010.  The Receiver had those boxes moved to GRM Information Management Systems ("GRM"), the same storage facility already used by Starrco for off-site storage of client files and business records, including electronic data.

In addition to the huge volume of files and business records that were removed from the Starr offices, the Receiver had to dispose of some fifty (50) rooms (including offices, conference rooms, file rooms and mail room) full of used desks, chairs, computers, televisions, printers and other assorted furniture and office equipment.  With the exception of copying machines, which were leased from Ricoh Americas Corporation ("Ricoh"), all of the furniture and office equipment at the Starr offices belonged to Starrco.  On August 20, 2010, the copy machines were returned to Ricoh's collection agent, Asset Recovery Specialists.

In order to dispose of Starrco's furniture and office equipment, the Receiver, through one of Troutman's office administrators who is assisting her on this matter, sought bids from professional liquidators.  The best offer obtained by the Receiver came from Business Asset Consultants N.E. ("BAC"), which offered to dismantle and remove all furniture and equipment

from the Starr premises for a payment of $11,900.00.   On September 23, 2010, the Court issued

an order granting the Receiver's motion (Docket No. 30) for permission to dispose of Starrco's

office furniture and equipment through BAC.  Pursuant to that Order, Starrco's lease for its

office premises was rejected, effective upon vacating the premises, as was Starrco's copy

machine lease.[2]  The process of vacating the premises was completed on or about October 8,

2010.

During the past two months, the Receiver and Troutman have been engaged in the

process of turning files of former Starrco clients over to those clients who request them (and who

undertake to preserve the files for possible later production to the Government).  However, now

that the Starrco and SIA estates are in Chapter 7, the trustee of those estates has the authority and

duty to take possession and control of assets of the estates, including books, records and files and

the Receiver is stayed from exercising control over those assets.  For this reason, and also

because of the limited resources in the Starrco and SIA estates, the Receiver and Troutman have

put a hold on their work relating to the fulfillment of former clients' requests for files and will

cooperate with the Chapter 7 trustee to transition custody of the files to the trustee.

The Receiver, with the help of counsel to the SEC in this action, has also attended to the

termination of SIA's registration as an investment advisor with the SEC.  The next steps for the

Starr Companies' receiverships would involve the investigation and pursuit of possible claims

and assets, and the disposition of certain personal property assets that are already in the

Receiver's custody.  Ultimately, if and when assets are marshaled sufficient to produce a

---

[2]     During the course of administering the Starrco estate, the Receiver also discovered that Starrco is the named
tenant under a residential lease for an apartment on 79th Street in Manhattan, which, with the consent of the
landlord, has at all times been occupied by Starr and his wife and not by Starrco.  Accordingly, as part of her
motion, the Receiver sought an order deeming Starrco's lease for the 79th Street apartment to be rejected, and
that relief was granted.

distribution to creditors, a claims process would have to be initiated and completed and a scheme of distributions proposed and approved.

**C.     The Chapter 7 Bankruptcy Cases of Starrco, SIA and Starr**

Unfortunately, the Receivership Estates do not have sufficient cash resources, or prospects of cash recoveries within the next several months, to permit the Receiver and Troutman to continue the administration of the Receivership Estates.  For this reason, on February 17, 2011, in accordance with authority granted to the Receiver by the Preliminary Injunction Order of July 8, 2010, the Receiver filed voluntary bankruptcy petitions for Starrco and SIA under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York so that the administration of the Starrco and SIA estates can be continued by a bankruptcy trustee.  The Starrco Chapter 7 case bears Case No. 11-10637 (ALG) and the SIA  Chapter 7 case bears Case No. 11-10639 (ALG).  On February 17, 2011, Albert Togut, Esq. was appointed Chapter 7 trustee for both the Starrco and SIA Chapter 7 estates.

Separate from the business records and client files that have been moved into storage, and the office furniture and equipment that have been disposed of through BAC, there were certain additional items of personal property at the 850 Third Avenue premises which the Receiver chose not to dispose of at this time.  Such property includes the central computer servers used by the Starr Companies, which were removed to the Troutman offices for storage.  In addition, there are numerous decorative objects, art works and collectibles at the Starr Offices, including photographs, paintings, drawings, pieces of art glass and baseball memorabilia, as well as personal photographs, books and other personal effects.  The Receiver had those items of a personal nature moved to the Troutman offices for later disposition.  The Receiver has not yet had such items professionally appraised and she intends to leave that task to the Chapter 7

trustee.  It is likely that Kenneth Starr or others will assert an ownership interest in all or some of those items of tangible personal property, and any such claims of ownership can also be resolved by the Chapter 7 trustee.

As the Court is aware, on January 21, 2011 the Estate of Joan Stanton and her related company, JAS Ventures, LP, filed an involuntary petition against Starr under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York, Case No. 11-10219 (ALG).  Although Starr has the right to contest the involuntary petition (and has received an extension of his time to do so until March 25, 2011), Starr has no basis for contesting the petition since he is clearly not paying his debts as they become due.  As such, it is a given that within a short period of time, a Chapter 7 trustee will be appointed for Starr's bankruptcy estate.  That trustee will be the sole person with the right to possess and control all property of the Starr bankruptcy estate, which would include any documents belonging to Starr as well as any tangible or intangible assets in Starr's name.

In the bankruptcy petitions for Starrco and SIA, the Receiver indicated that those two Chapter 7 cases are related to the Chapter 7 case for Starr.  The Starrco and SIA cases were therefore assigned to Bankruptcy Judge Allan L. Gropper, who also presides over the Starr Chapter 7 case.  The Receiver believes that the three cases should be administered by a single trustee, Mr. Togut, so that the costs of administration can best be minimized and the recovery of creditors maximized.

**D.     Assets, Liabilities, Receipts and Disbursements of the Receivership Estates**

*1.     Receipts and Available Funds*

Based upon her investigation of the Starr Companies' books and records, the Starr Companies had the following amounts of cash on hand in bank accounts as of June 1, 2010, the date of Ms. Cassirer's appointment as Interim Monitor:

| Starrco | $139,977.19 | ($121,470.22 at Signature Bank and $18,506.97 at City Private Bank) |
|---------|-------------|----------------------------------------------------------------------|
| SIA     | $1,795.70   | (at Bank of America)                                                 |

As of June 1, 2010 and since that date, the foregoing accounts, and the funds in those accounts, have been frozen by the SEC and the United States Attorney's Office, and accordingly, to the knowledge of the Receiver, the balances in those accounts remain the same as of the date hereof.  The SEC freeze applies to the $18,506.97 of funds in Starrco's account at City Private Bank and the $1,795.70 of funds in SIA's account at Bank of America. The SEC has indicated that it will seek an amendment to outstanding orders to permit the Receiver access to those funds.  The US Attorney's freeze applies to the Starrco funds at Signature Bank.  The Government has indicated that the Receiver will have access to approximately $60,000 of the funds in the Starrco account at Signature Bank, bringing the total of funds that are to be released by the SEC and the Government to approximately $80,000.  As yet, the Receiver has not obtained access to such funds, so the Chapter 7 trustee will step into the shoes of Starrco and SIA with respect thereto.

Immediately upon her appointment as Receiver, Ms. Cassirer opened a receivership bank account for each of Starrco and SIA.  The Receiver has deposited into the Starrco and SIA accounts fee payments made by former clients of those entities, and the Receiver has paid certain estate expenses from those accounts.  As of the date hereof, the balances in the Starrco and SIA receivership accounts are as follows:

| Starrco | $ 14,468.46 |
|---------|-------------|
| SIA     | $ 20,469.39 |

2.      *Assets of the Receivership Estates*

To the best of the Receivers' knowledge, based upon her examination of available records of the Starr Companies and interviews of certain key Starr employees, the assets on the books of Starrco and SIA consist of:

A.      **Accounts Receivable**.  Since the commencement of the receivership and through the date of this Motion, the Receiver has collected and deposited into the receivership accounts fee payments made by former clients totaling $221,269.86 for Starrco and $20,529.97 for SIA. Receivables remaining on the books of Starrco and SIA amount to more than $1,400,000.  However, the Receiver believes that she has collected substantially all fee payments that will be made by former clients of the Starr Companies on a voluntary basis.  Thus, additional collections, if any, will very likely be made only through litigation.  The Receiver cannot presently estimate the amount of collections that will be recovered through litigation.

On July 8, 2010, the Receiver commenced an action in the Supreme Court, New York County against Sikelia Productions and Martin Scorsese to recover receivables of approximately $600,000 owed to Starrco and SIA.  Prior to the Chapter 7 filings for Starrco and SIA, discovery proceedings had commenced in the action. The claims asserted in the action are now property of the bankruptcy estates of Starrco and SIA and accordingly any further proceedings in the action will be under the control and direction of the trustee.  Moreover, Troutman, which has been representing the

Receiver as the plaintiff in the action, is not a retained professional of the Chapter 7 trustee and accordingly is not authorized to devote additional time to the matter.  It will be up to the trustee to determine how this action is prosecuted hereafter.  No other collection actions have been commenced on behalf of the receivership estates.

B.  **Additional Personal Property**, including collectibles, art work, books, photographs and other items of personal property located at the Starrco office premises.  These items were removed from the Starrco office premises in September, 2010 and stored at Troutman's offices to protect and preserve them pending further disposition.  These items have not been professionally appraised, but they do not appear to be of sufficient value to generate a material recovery for creditors.  Indeed, it is possible that such items will not generate proceeds sufficient to pay the costs of moving and preserving those items for a sale.  Moreover, Starr may claim a personal interest in some or all of these items which would have to be evaluated, and if necessary resolved by the Chapter 7 trustee.

C.  **Litigation Claims**.  On October 27, 2010, the Receiver filed an action for breach of fiduciary duty against Starr in the Supreme Court of the State of New York, County of New York.  Starr defaulted in answering the complaint but no judgment has been entered against him.  The

action is now stayed by the Chapter 7 proceeding against Starr. The Chapter 7 trustee for Starrco and SIA will now have ownership and control over the claims asserted in the action.

3.      **Disbursements**

The Receiver has heretofore reported to the SEC and the Court with respect to collections and disbursements during the months of June, July and August, 2010 (See First Interim Fee Application, Docket no. 36), and with respect to the months of September, October and November, 2010 (See Second Interim Fee Application, Docket no. 42).     The Receiver's reports as aforesaid included separate quarterly Standardized Fund Accounting Reports for each of the Starrco estate, the SIA estate and the Colcave estate, in the format specified by the SEC in its Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission (the "Billing Instructions").

To bring the Receiver's financial reporting up to date, annexed hereto as Exhibit "A" are separate Standardized Fund Accounting reports for Starrco and SIA for the period of approximately three months from December 1, 2010 through the date of this Motion (the "Final Period").  As reflected in the attached Accounting report, during the Final Period, the Receiver made the following individual disbursements in excess of $1,000:

a.      By check dated December 1, 2010, the Receiver made a payment in the amount of $129,444.52 to Troutman from the Starrco receivership account in payment of 50% of the fees and 100% of the disbursements awarded to Troutman in connection with the Receiver's and Troutman's First Interim Fee Application (See Order of November 22, 2010; Docket No. 37).

b.      By check dated December 1, 2010, the Receiver made a payment in the amount of $25,621.10 to the Receiver from the Starrco receivership account in payment of 50% of the fees

and 100% of the disbursements awarded to the Receiver in connection with the Receiver's and

Troutman's First Interim Fee Application (See Order of November 22, 2010; Docket No. 37).

      c.      By check dated December 10, 2010, the Receiver made a payment in the amount

of $25,000 to GRM from the Starrco receivership account in the amount of $25,000 in partial

payment of GRM's charges for document storage and transport during the receivership.

      **4.**      ***Accrued and Unpaid Administrative Expenses***

      The accrued and unpaid administrative expenses of the Starrco and SIA receivership

estates amount to approximately $535,000 as of the date hereof.  The largest single accrued and

unpaid administrative expense is the Receiver's and Troutman's fees and disbursements of

approximately $415,000, including the unpaid balance of the amounts awarded pursuant to the

Receiver's and Troutman's First and Second Interim Fee Applications ($315,336.60) plus

approximately $100,000 in fees and disbursements accrued between December 1, 2010 and the

date hereof.[3]  The other material accrued and unpaid administrative expenses as of the date

hereof include: (a) storage fees for Starrco's outside storage of client files and business records at

GRM amounting to approximately $110,000.00; (b) charges for additional storage facilities

rented by Starrco as of the commencement of the receivership in the approximate amount of

$500.00; (c) expenses relating to the telephone systems and services maintained by Starrco,

which remained in use during part of the receivership in the approximate amount of $6,500.00;

(d) Lexis/Nexis charges for services used by Starrco employees in the approximate amount of

$2,800.00; and (e) UPS charges of approximately $571.00.  In large part, the foregoing amounts

are based upon invoices rendered to the Starr Companies from and after June 1, 2010 by vendors

---

[3] Because of the pending Chapter 7 cases and the resulting stay of any claims or actions against the debtors, the Receiver and Troutman do not anticipate filing further fee applications in the within action.  Rather, at an appropriate time, the Receiver and Troutman will file a claim in the Starrco and SIA Chapter 7 cases for the unpaid amounts of fees and disbursements heretofore awarded by this Court, together with the additional amounts accruing since December 1, 2010.

who were providing services to the Starr Companies before the receivership and continued to do so after the receivership was commenced.  The Receiver has not confirmed the amount of such liabilities or determined to what extent, if any, each such expense resulted in a benefit to the receivership estates.[4]

It appears that the business of the Starr Companies was run for the most part on the books of Starrco and not SIA.  For example, all employees working in the Starr Companies" offices were on the payroll of Starrco and all benefits for said employees were provided by Starrco.  Similarly, the leases for the offices premises and copy machines used by both Starrco and SIA were in the name of Starrco.  Therefore, with the exception of the Receiver's fees and Troutman's fees, the administrative expenses of the Starr Companies' receivership estates are accruing on the books of Starrco.

**E.      The Starrco and SIA Receiverships Should be Terminated**

In light of the Chapter 7 cases for Starrco and SIA, the property and affairs of Starrco and SIA are under the control of a Chapter 7 trustee, and further proceedings in the within action are for the most part stayed as to Starrco and SIA.  Accordingly, it is respectfully submitted that the receiverships for Starrco and SIA are no longer needed and should be terminated.  The Receiver has accordingly proposed the attached form of Order which provides for termination of the receiverships for Starrco and SIA, turnover of the property of those estates to the Chapter 7 trustee, and discharge of the Receiver and her counsel.

## II.      CONCLUSION

The Receiver requests that the Court grant this Motion in all respects, and accordingly

---

[4]The accrued and unpaid expenses of administration include invoices from various vendors, including Verizon, AT&T, UPS and several others, relating to goods or services provided both before and since the commencement of the receivership.  The Receiver's calculation of accrued administrative expenses is necessarily estimated for this additional reason.

issue an Order in the proposed form attached hereto as Exhibit "B", and grant such other relief as

the Court may deem just and equitable.

Dated: New York, New York
     March 4, 2011                      Respectfully submitted,


                      By:  /s/*Lee W. Stremba*
                          Lee W. Stremba
                      Troutman Sanders, LLP
                      Counsel to the Receiver
                      The Chrysler Building
                      405 Lexington Avenue
                      New York, New York 10174
                      (P) 212-704-6000
                      lee.stremba@troutmansanders.com

**EXHIBIT "A"**

**<u>STANDARDIZED FUND ACCOUNTING REPORTS</u>**

AURORA CASSIRER, ESQ.
405 LEXINGTON AVENUE
THE CHRYSLER BUILDING
NEW YORK, NEW YORK10174
212.704.6000

# STANDARDIZED FUND ACCOUNTING REPORT

CIVIL − RECEIVERSHIP

----------------------------------------------------

STARR & COMPANY
DOCKET NO. 10 CIV. 4270 (SHS)

REPORTING PERIOD 12/01/2010 TO 02/28/2011

**STANDARDIZED FUND ACCOUNTING REPORT FOR STARR & COMPANY - Cash Basis**
Aurora Cassirer, Receiver; Docket No. 10 Civ. 4270 (SHS)
Reporting Period 12/01/2010 to 02/28/2011

| | FUND ACCOUNTING (See notes attached hereto for additional information): | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | **Beginning Balance (As of 12/01/2010):** | | | |
| | Signature Bank | 121,470.22 | | |
| | Citi Private Bank | 18,506.97 | 139,977.19 | |
| | Receivership Account (Wachovia) | 195,527.17 | | 335,504.36 |
| | *Increases in Fund Balance:* | | | |
| Line 2 | **Business Income** | | | |
| Line 3 | **Cash and Securities** | | | |
| Line 4 | **Interest/Dividend Income** | | | |
| Line 5 | **Business Asset Liquidation** | | | |
| Line 6 | **Personal Asset Liquidation** | | | |
| Line 7 | **Third-Party Litigation Income** | | | |
| Line 8 | **Miscellaneous - bank fees** | | 55.34 | |
| | | | | |
| | **Total Funds Available (Lines 1 - 8)** | | | 335,449.02 |
| | *Decreases in Fund Balance:* | | | |
| Line 9 | **Disbursements to Investors** | | | |
| Line 10 | **Disbursements for Receivership Operations** | | | |
| *Line 10a* | *Disbursements to Receiver or Other Professionals* | | 155065.52 | 155065.52 |
| *Line 10b* | *Business Asset Expenses* | | | |
| | *GRM (Records maintenance)* | | 25000.00 | |
| | *ADP (Processing of 2010 W-2s for former employees)* | | 937.85 | 25937.85 |
| *Line 10C* | *Personal Asset Expenses* | | | |
| *Line 10d* | *Investment Expenses* | | | |
| *Line 10e* | *Third-Party Litigation Expenses* | | | |
| | 1. Attorney Fees | | | |
| | 2. Litigation Expenses | | | |
| | *Total Third Party Litigation Expenses* | | | |
| *Line 10f* | *Tax Administrator Fees and Bonds* | | | |
| *Line 10g* | *Federal and State Tax Payments* | | | |
| | **Total Disbursements for Receivership Operations** | | | 181,003.37 |
| Line 11 | **Disbursements for Distributions Paid by Fund** | | | |
| *Line 11a* | ***Distribution Plan Development Expenses*** | | | |
| | 1. Fees: | | | |
| | Fund Administrator…………………..………… | | | |
| | Independent Distribution Consultant (IDC)… | | | |
| | Distribution Agent………………….………….. | | | |
| | Consultants………………………………..…… | | | |
| | Legal Advisers…………………………………. | | | |
| | Tax Advisers …………………………………… | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | *Total Plan Development Expenses* | | | |
| *Line 11b* | *Distribution Plan Implementation Expenses:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator …………………………… | | | |
| | IDC…………………………………………….… | | | |
| | Distribution Agent………………………………. | | | |
| | Consultants……….....…………………………. | | | |
| | Legal Advisers…………………………………. | | | |
| | Tax Advisers …………………………………… | | | |
| | 2. Administrative Expenses | | | |
| | 3. Investor Identification: | | | |
| | Notice/Publishing Approved Plan …………… | | | |
| | Claimant Identification ……………………… | | | |
| | Claims Processing……………………………. | | | |
| | Web Site Maintenance/Call Center …………….. | | | |
| | 4. Fund Administrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. Federal Account for Investor Restitution | | | |
| | (FAIR) Reporting Expenses | | | |
| | *Total Plan Implementation Expenses* | | | |

**STANDARDIZED FUND ACCOUNTING REPORT FOR STARR & COMPANY - Cash Basis**
Aurora Cassirer, Receiver; Docket No. 10 Civ. 4270 (SHS)
Reporting Period 12/01/2010 to 02/28/2011

| | | | | |
|---|---|---|---|---|
| | Total Disbursements or Distribution Expenses Paid by the Fund | | | |
| Line 12 | Disbursements to Court/Other: | | | |
| Line 12a | *Investments Expenses/Court Registry Investment System (CRIS) Fees* | | | |
| Line 12b | *Federal Tax Payments* | | | |
| | **Total Disbursements to Court/Other:** | | | |
| | Total Funds Disbursed (Lines 9 -11): | | | |
| Line 13 | **Ending Balances (As of 02/28/2011)** | | | |
| | | | | |
| Line 14 | **Ending Balance of Fund - Net Assets:** | | | |
| Line 14a | Cash & Cash Equivalents | | | |
| Line 14b | Investments | | | |
| Line 14c | Other Assets or Uncleared Funds | | | |
| | **Total Ending Balance of Fund - Net Assets** | | | **154,445.65** |

**OTHER SUPPLEMENTAL INFORMATION:**

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| | *Report of Items NOT To Be Paid by the Funds:* | | | |
| Line 15 | **Disbursements for Plan Administration Expenses Not Paid by the Fund** | | | |
| Line 15a | *Plan Developments Expenses Not Paid by the Fund:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator …………………..……………. | | | |
| | IDC………………………………..……………….. | | | |
| | Distribution Agent …………………………………. | | | |
| | Consultants…………………..…………………… | | | |
| | Legal Advisers …………………..………………… | | | |
| | Tax Advisers …………………..………………….. | | | |
| | 2. Administrative Expenses …….....………………… | | | |
| | 3. Miscellaneous | | | |
| | *Total Plan Development Expenses Not Paid by the Fund* | | | |
| Line 15b | *Plan Implementation Expenses Not Paid by the Fund:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator …………………....……………… | | | |
| | IDC………………………………..……………………. | | | |
| | Distribution Agent ………………………………. | | | |
| | Consultants …………………………………………. | | | |
| | Legal Advisers …………………………………… | | | |
| | Tax Advisers ……………………………………….. | | | |
| | 2. Administrative Expenses | | | |
| | 3. Investigator Identification | | | |
| | Notice/Publishing Approved Plan …………………… | | | |
| | Claimant Identification …………………………….. | | | |
| | Claims Processing ………………………………… | | | |
| | Web Site Maintenance/Call Center …………………… | | | |
| | 4. Fund Administrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. FAIR Reporting Expenses | | | |
| | *Total Plan Implementation Expenses Not Paid By the Fund* | | | |
| Line 15c | *Tax Administrator Fees & Bonds Not Paid by the Fund* | | | |
| | **Paid by the Fund** | | | |
| Line 16 | **Disbursements to Court/Other Not Paid by the Fund:** | | | |
| Line 16a | Investment Expenses/CRIS Fees | | | |
| Line 16b | Federal Tax Payments | | | |
| | **Total Disbursements to Court/Other Not Paid by the Fund:** | | | |
| Line 17 | **DC & State Tax Payments** | | | |
| Line 18 | **No. of Claims:** | | | |
| *Line 18a* | *# of Claims Received This Reporting Period……….…....…………………………....* | | | |
| *Line 18b* | *# of Claims Received Since Inception of Fund ……….....………………………….* | | | |
| Line 19 | **No. of Claimants/Investors:** | | | |
| *Line 19a* | *# of Claimants/Investors Paid This Reporting Period ……………....……………..* | | | |
| *Line 19b* | *# of Claimants/Investors Paid Since Inception of Fund....………………………….* | | | |

Receiver:

By:     _____

        Aurora Cassirer, As Receiver

Date:     _____

AURORA CASSIRER, ESQ.
405 LEXINGTON AVENUE
THE CHRYSLER BUILDING
NEW YORK, NEW YORK10174
212.704.6000

# STANDARDIZED FUND ACCOUNTING REPORT

CIVIL – RECEIVERSHIP

---------------------------------------------------

STARR INVESTMENT ADVISORS, LLC
DOCKET NO. 10 CIV. 4270 (SHS)

REPORTING PERIOD 12/01/2010 TO 02/28/2011

**STANDARDIZED FUND ACCOUNTING REPORT FOR STARR INVESTMENT ADVISORS, LLC - Cash Basis**
Aurora Cassirer, Receiver; Docket No. 10 Civ. 4270 (SHS)
Reporting Period 12/01/2010 to 02/28/2011

| FUND ACCOUNTING (See notes attached hereto for additional information): | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| **Line 1** | **Beginning Balance (As of 12/01/2010):** | | | |
| | Bank of America | | 1,795.70 | |
| | Receiverhsip Account (Wachovia) | | 20,529.97 | 22325.67 |
| | *Increases in Fund Balance:* | | | |
| **Line 2** | **Business Income** | | 0.00 | |
| **Line 3** | **Cash and Securities** | | | |
| **Line 4** | **Interest/Dividend Income** | | | |
| **Line 5** | **Business Asset Liquidation** | | | |
| **Line 6** | **Personal Asset Liquidation** | | | |
| **Line 7** | **Third-Party Litigation Income** | | | |
| **Line 8** | **Miscellaneous - bank fees** | | 60.58 | |
| | **Total Funds Available (Lines 1 - 8)** | | | **22,265.09** |
| | *Decreases in Fund Balance:* | | | |
| **Line 9** | **Disbursements to Investors** | | | |
| **Line 10** | **Disbursements for Receivership Operations** | | | |
| *Line 10a* | *Disbursements to Receiver or Other Professionals* | | | |
| *Line 10b* | *Business Asset Expenses* | | | |
| *Line 10C* | *Personal Asset Expenses* | | | |
| *Line 10d* | *Investment Expenses* | | | |
| *Line 10e* | *Third-Party Litigation Expenses* | | | |
| | 1. Attorney Fees | | | |
| | 2. Litigation Expenses | | | |
| | *Total Third Party Litigation Expenses* | | | |
| *Line 10f* | *Tax Administrator Fees and Bonds* | | | |
| *Line 10g* | *Federal and State Tax Payments* | | | |
| | **Total Disbursements for Receivership Operations** | | | |
| **Line 11** | **Disbursements for Distributions Paid by Fund** | | | |
| *Line 11a* | ***Distribution Plan Development Expenses*** | | | |
| | 1. Fees: | | | |
| | Fund Administrator……………………..………… | | | |
| | Independent Distribution Consultant (IDC)… | | | |
| | Distribution Agent………………….…………….. | | | |
| | Consultants…………………………………… | | | |
| | Legal Advisers…………………………………… | | | |
| | Tax Advisers ………………………………… | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | *Total Plan Development Expenses* | | | |
| *Line 11b* | *Distribution Plan Implementation Expenses:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator ………………………….. | | | |
| | IDC……………………………………………….. | | | |
| | Distribution Agent………………………………. | | | |
| | Consultants………......…………………………… | | | |
| | Legal Advisers…………………………………… | | | |
| | Tax Advisers ………………………………… | | | |
| | 2. Administrative Expenses | | | |
| | 3. Investor Identification: | | | |
| | Notice/Publishing Approved Plan ………..…… | | | |
| | Claimant Identification …………………………… | | | |
| | Claims Processing…………….……………….. | | | |
| | Web Site Maintenance/Call Center …………….. | | | |
| | 4. Fund Administrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. Federal Account for Investor Restitution | | | |
| | (FAIR) Reporting Expenses | | | |
| | *Total Plan Implementation Expenses* | | | |
| | **Total Disbursements or Distribution Expenses Paid by the Fund** | | | |

STANDARDIZED FUND ACCOUNTING REPORT FOR STARR INVESTMENT ADVISORS, LLC - Cash Basis

Aurora Cassirer, Receiver; Docket No. 10 Civ. 4270 (SHS)

Reporting Period 12/01/2010 to 02/28/2011

| | | | | |
|---|---|---|---|---|
| **Line 12** | **Disbursements to Court/Other:** | | | |
| | *Investments Expenses/Court Registry Investment System* | | | |
| *Line 12a* | *(CRIS) Fees* | | | |
| *Line 12b* | *Federal Tax Payments* | | | |
| | **Total Disbursements to Court/Other:** | | | |
| | **Total Funds Disbursed (Lines 9 -11):** | | | |
| **Line 13** | **Ending Balances (As of  02/28/2011)** | | | <u>22,265.09</u> |
| | | | | |
| **Line 14** | **Ending Balance of Fund - Net Assets:** | | | |
| *Line 14a* | Cash & Cash Equivalents | | | |
| *Line 14b* | Investments | | | |
| *Line 14c* | Other Assets or Uncleared Funds | | | _____ |
| | **Total Ending Balance of Fund - Net Assets** | | | _____ |

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| **OTHER SUPPLEMENTAL INFORMATION:** | | | | |
| | *Report of Items NOT To Be Paid by the Funds:* | | | |
| **Line 15** | **Disbursements for Plan Administration Expenses Not Paid by the Fund** | | | |
| *Line 15a* | *Plan Developments Expenses Not Paid by the Fund:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator ………………….…………… | | | |
| | IDC……………………………..……………… | | | |
| | Distribution Agent …………………….………… | | | |
| | Consultants…………………...………………… | | | |
| | Legal Advisers ………………….……………… | | | |
| | Tax Advisers ……………...…………………… | | | |
| | 2. Administrative Expenses ……...………………… | | | |
| | 3. Miscellaneous | | | |
| | *Total Plan Development Expenses Not Paid by the Fund* | | | |
| *Line 15b* | *Plan Implementation Expenses Not Paid by the Fund:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator …………………...…………… | | | |
| | IDC……………………………...……………… | | | |
| | Distribution Agent ……………….……………… | | | |
| | Consultants ……………………………………… | | | |
| | Legal Advisers ………………….……………… | | | |
| | Tax Advisers ……………………………….. | | | |
| | 2. Administrative Expenses | | | |
| | 3. Investigator Identification | | | |
| | Notice/Publishing Approved Plan …………………… | | | |
| | Claimant Identification ………………………….. | | | |
| | Claims Processing ………..…………………… | | | |
| | Web Site Maintenance/Call Center …………………… | | | |
| | 4. Fund Administrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. FAIR Reporting Expenses | | | |
| | *Total Plan Implementation Expenses Not Paid By the Fund* | | | |
| *Line 15c* | *Tax Administrator Fees & Bonds Not Paid by the Fund* | | | |
| | **Paid by the Fund** | | | |
| **Line 16** | **Disbursements to Court/Other Not Paid by the Fund:** | | | |
| *Line 16a* | Investment Expenses/CRIS Fees | | | |
| *Line 16b* | Federal Tax Payments | | | |
| | **Total Disbursements to Court/Other Not Paid by the Fund:** | | | |
| **Line 17** | **DC & State Tax Payments** | | | |

**STANDARDIZED FUND ACCOUNTING REPORT FOR STARR INVESTMENT ADVISORS, LLC - Cash Basis**

Aurora Cassirer, Receiver; Docket No. 10 Civ. 4270 (SHS)

Reporting Period 12/01/2010 to 02/28/2011

| | |
|---|---|
| **Line 18** | **No. of Claims:** |
| *Line 18a* | # of Claims Received This Reporting Period…………....…..……………….……….... |
| *Line 18b* | # of Claims Received Since Inception of Fund ………….....………………………… |
| **Line 19** | **No. of Claimants/Investors:** |
| *Line 19a* | # of Claimants/Investors Paid This Reporting Period ………….....………….…....… |
| *Line 19b* | # of Claimants/Investors Paid Since Inception of Fund……………………………… |

Receiver:

By:        _____

Aurora Cassirer, As Receiver

Date:      _____

AURORA CASSIRER, ESQ.
405 LEXINGTON AVENUE
THE CHRYSLER BUILDING
NEW YORK, NEW YORK 10174
212.704.6000

# STANDARDIZED FUND ACCOUNTING REPORT

CIVIL – RECEIVERSHIP

---------------------------------------------------

COLCAVE LLC
DOCKET NO. 10 CIV. 4270 (SHS)

REPORTING PERIOD 12/01/2010 TO 02/28/2011

1425525v1

**STANDARDIZED FUND ACCOUNTING REPORT FOR COLCAVE LLC - Cash Basis**
Aurora Cassirer, Receiver; Docket No. 10 Civ. 4270 (SHS)
Reporting Period 12/01/2010 to 02/28/2011

| FUND ACCOUNTING (See notes attached hereto for additional information): | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | **Beginning Balance (As of 12/01/2010):** | | | |
| | Signature Bank | | 716,971.57 | |
| | Receivership Account | | 0.00 | |
| | *Increases in Fund Balance:* | | | |
| Line 2 | **Business Income** | | 0.00 | |
| Line 3 | **Cash and Securities** | | | |
| Line 4 | **Interest/Dividend Income** | | | |
| Line 5 | **Business Asset Liquidation** | | | |
| Line 6 | **Personal Asset Liquidation** | | | |
| Line 7 | **Third-Party Litigation Income** | | | |
| Line 8 | **Miscellaneous** | | | |
| | **Total Funds Available (Lines 1 - 8)** | | | 716,971.57 |
| | *Decreases in Fund Balance:* | | | |
| Line 9 | **Disbursements to Investors** | | | |
| Line 10 | **Disbursements for Receivership Operations** | | | |
| Line 10a | *Disbursements to Receiver or Other Professionals* | | | |
| Line 10b | *Business Asset Expenses* | | | |
| Line 10C | *Personal Asset Expenses* | | | |
| Line 10d | *Investment Expenses* | | | |
| Line 10e | *Third-Party Litigation Expenses* | | | |
| | 1. Attorney Fees | | | |
| | 2. Litigation Expenses | | | |
| | *Total Third Party Litigation Expenses* | | | |
| Line 10f | *Tax Administrator Fees and Bonds* | | | |
| Line 10g | *Federal and State Tax Payments* | | | |
| | **Total Disbursements for Receivership Operations** | | | |
| Line 11 | **Disbursements for Distributions Paid by Fund** | | | |
| Line 11a | ***Distribution Plan Development Expenses*** | | | |
| | 1. Fees: | | | |
| |     Fund Administrator………………...…………. | | | |
| |     Independent Distribution Consultant (IDC)… | | | |
| |     Distribution Agent……………….………….. | | | |
| |     Consultants……………….………………… | | | |
| |     Legal Advisers…………………………….. | | | |
| |     Tax Advisers ………………………………. | | | |
| | 2. Administrative Expenses | | | |
| | 3. Miscellaneous | | | |
| | *Total Plan Development Expenses* | | | |
| Line 11b | *Distribution Plan Implementation Expenses:* | | | |
| | 1. Fees: | | | |
| |     Fund Administrator ………………………… | | | |
| |     IDC……………………………………………. | | | |
| |     Distribution Agent…………………………… | | | |
| |     Consultants……...…………………………… | | | |
| |     Legal Advisers………………………………… | | | |
| |     Tax Advisers ………………………………… | | | |
| | 2. Administrative Expenses | | | |
| | 3. Investor Identification: | | | |
| |     Notice/Publishing Approved Plan …………… | | | |
| |     Claimant Identification …………………… | | | |
| |     Claims Processing………………….………….. | | | |
| |     Web Site Maintenance/Call Center …………… | | | |
| | 4. Fund Administrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. Federal Account for Investor Restitution (FAIR) Reporting Expenses | | | |
| | *Total Plan Implementation Expenses* | | | |
| | **Total Disbursements or Distribution Expenses Paid by the Fund** | | | |

**STANDARDIZED FUND ACCOUNTING REPORT FOR COLCAVE LLC - Cash Basis**

Aurora Cassirer, Receiver; Docket No. 10 Civ. 4270 (SHS)

Reporting Period 12/01/2010 to 02/28/2011

| | | | | |
|---|---|---|---|---|
| **Line 12** | **Disbursements to Court/Other:** | | | |
| | *Investments Expenses/Court Registry Investment System* | | | |
| *Line 12a* | *(CRIS) Fees* | | | |
| *Line 12b* | *Federal Tax Payments* | | | |
| | **Total Disbursements to Court/Other:** | | | |
| | **Total Funds Disbursed (Lines 9 -11):** | | | |
| **Line 13** | **Ending Balances (As of  02/28/2011)** | | | <u>716,971.57</u> |
| | | | | |
| **Line 14** | **Ending Balance of Fund - Net Assets:** | | | |
| *Line 14a* | Cash & Cash Equivalents | | | |
| *Line 14b* | Investments | | | |
| *Line 14c* | Other Assets or Uncleared Funds | | | <u>_____</u> |
| | **Total Ending Balance of Fund - Net Assets** | | | <u>_____</u> |

| OTHER SUPPLEMENTAL INFORMATION: | | | | |
|---|---|---|---|---|
| | | **Detail** | **Subtotal** | **Grand Total** |
| | *Report of Items NOT To Be Paid by the Funds:* | | | |
| **Line 15** | **Disbursements for Plan Administration Expenses Not Paid by the Fund** | | | |
| *Line 15a* | *Plan Developments Expenses Not Paid by the Fund:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator ………………….………… | | | |
| | IDC……………………………..……………… | | | |
| | Distribution Agent …………………….………… | | | |
| | Consultants…………………..………………… | | | |
| | Legal Advisers …………………………………… | | | |
| | Tax Advisers …………………..………………… | | | |
| | 2. Administrative Expenses …….....………………… | | | |
| | 3. Miscellaneous | | | |
| | *Total Plan Development Expenses Not Paid by the Fund* | | | |
| *Line 15b* | *Plan Implementation Expenses Not Paid by the Fund:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator …..………….....…………… | | | |
| | IDC……………………………....……………… | | | |
| | Distribution Agent ……………….……………… | | | |
| | Consultants …………………………………… | | | |
| | Legal Advisers ………………………………… | | | |
| | Tax Advisers ……………………………….. | | | |
| | 2. Administrative Expenses | | | |
| | 3. Investigator Identification | | | |
| | Notice/Publishing Approved Plan …………………… | | | |
| | Claimant Identification ……………………….. | | | |
| | Claims Processing ……….……………………… | | | |
| | Web Site Maintenance/Call Center …………………… | | | |
| | 4. Fund Administrator Bond | | | |
| | 5. Miscellaneous | | | |
| | 6. FAIR Reporting Expenses | | | |
| | *Total Plan Implementation Expenses Not Paid By the Fund* | | | |
| *Line 15c* | *Tax Administrator Fees & Bonds Not Paid by the Fund* | | | |
| | **Paid by the Fund** | | | |
| **Line 16** | **Disbursements to Court/Other Not Paid by the Fund:** | | | |
| *Line 16a* | Investment Expenses/CRIS Fees | | | |
| *Line 16b* | Federal Tax Payments | | | |
| | **Total Disbursements to Court/Other Not Paid by the Fund:** | | | |
| **Line 17** | **DC & State Tax Payments** | | | |

**STANDARDIZED FUND ACCOUNTING REPORT FOR COLCAVE LLC - Cash Basis**

Aurora Cassirer, Receiver; Docket No. 10 Civ. 4270 (SHS)
Reporting Period 12/01/2010 to 02/28/2011

| Line 18 | No. of Claims: |
|---|---|
| *Line 18a* | *# of Claims Received This Reporting Period……………......………………………...* |
| *Line 18b* | *# of Claims Received Since Inception of Fund …………..…………………………….* |
| Line 19 | No. of Claimants/Investors: |
| *Line 19a* | *# of Claimants/Investors Paid This Reporting Period …………….....……….…....….* |
| *Line 19b* | *# of Claimants/Investors Paid Since Inception of Fund………………….……….…….* |

Receiver:

By:      _____
          Aurora Cassirer, As Receiver

Date:    _____

**EXHIBIT "B"**

**PROPOSED ORDER TERMINATED RECEIVERSHIPS OF
STARR INVESTMENT ADVISORS, LLC AND STARR & COMPANY, LLC**

TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Tel: 212-704-6000
Fax: 212-704-6288
Lee W. Stremba

*Attorneys for Receiver Aurora Cassirer*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 10  CIV. 4270 (SHS) |
| -against- | : | |
| | : | |
| KENNETH IRA STARR, STARR INVESTMENT | : | |
| ADVISORS, LLC, and STARR & COMPANY, LLC, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| DIANE PASSAGE and COLCAVE, LLC, | : | |
| | : | |
| Relief Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER TERMINATING RECEIVERSHIPS OF STARR INVESTMENT**
**ADVISORS, LLC AND STARR & COMPANY, LLC**

Upon the motion of Aurora Cassirer (the "Receiver"), as receiver for Defendants Starr

Investment Advisors, LLC("SIA")  and Starr & Company, LLC ("Starrco") and Relief

Defendant Colcave, LLC ("Colcave"), for an Order terminating the receiverships of SIA and

Starrco and granting related relief (the "Motion"); and upon the consent of the Plaintiff Securities

and Exchange Commission (the "SEC"), and due and sufficient notice having been given, it is

hereby:

ORDERED, that the Motion is granted to the extent set forth below; and it is further

ORDERED, the receivership of SIA and Starrco are hreby terminated; and it is further

ORDERED, that the Receiver and her employees, agents and attorneys are hereby released and discharged from:  (a) any further duties or obligations with respect to the SIA and Starrco receiverships, and (b) any liability for all actions related to the SIA and Starrco receiverships and for serving as the Receiver for SIA and Starrco; provided that the Receiver shall  have the continuing duty to turn over to the Chapter 7 trustee for SIA and Starrco assets or property of those estates, as set forth below; and it is further

ORDERED, that the Receiver is authorized and directed to turn over to the Chapter 7 trustee for SIA and Starrco all funds held by the Receiver in the receivership accounts for those entities; and it is further

ORDERED, that the Receiver is authorized and directed to turn over to the Chapter 7 trustee for SIA and Starrco all other assets or property of the SIA and/or Starrco estates in the Receiver's possession, custody or control, including without limitation books and records of SIA and Starrco and files maintained by SIA or Starrco for their former clients and computer equipment, art work, decorative objects, books, memorabilia and other personal property located at the Starrco office premises at 850 Third Avenue, New York, New York.

Issued at _____     .m., at New York, New York, this ____ day of --------------, 2011.

_____
UNITED STATES DISTRICT JUDGE